21CA1648 Estate of Burgaz 12-15-2022

COLORADO COURT OF APPEALS

DATE FILED: December 15, 2022
CASE NUMBER: 2021CA1648

Court of Appeals No. 21CA1648
Jefferson County District Court No. 21CV30196
Honorable Lily W. Oeffler, Judge

Estate of Susanne Burgaz, by and through personal representatives Erika Zommer, Kristian Arnold, and Amelia Eudailey; Erika Zommer, individually; Kristian Arnold, individually; and Amelia Eudailey, individually,

Plaintiffs-Appellants,

v.

Jeff Shrader, in his official capacity as Jefferson County Sheriff,

Defendant-Appellee.

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Harris and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**

Announced December 15, 2022

Highlands Law Firm, Zachary D. Warren, Annika K. Adams, Denver, Colorado, for Plaintiffs-Appellants

Kimberly Sorrells, County Attorney, Eric T. Butler, Senior Assistant County Attorney, Rebecca Klymkowsky, Assistant County Attorney, Amber J. Munck, Assistant County Attorney, Golden, Colorado, for Defendant-Appellee

Hall & Evans, L.L.C., Andrew D. Ringel, Denver, Colorado, for Amicus Curiae Colorado Counties, Inc.

Donald L. Steerman, Lamar, Colorado, for Amicus Curiae Kiowa County Sheriff

Erick Knaus, County Attorney, Lynaia M. South, Senior Assistant County Attorney, Steamboat Springs, Colorado, for Amicus Curiae Routt County Sheriff

Bryan R. Treu, County Attorney, Eagle, Colorado, for Amicus Curiae Eagle County Sheriff

Jeffrey L. Huntley, County Attorney, Breckenridge, Colorado, for Amicus Curiae Summit County Sheriff

Donald L. Steerman, County Attorney, Meeker, Colorado, for Amicus Curiae Rio Blanco County Sheriff

Maxine LaBarre-Krostue, Interim County Attorney, Hot Sulphur Springs, Colorado, for Amicus Curiae Grand County Sheriff

Ron Carl, County Attorney, Dawn Johnson, Senior Assistant County Attorney, Littleton, Colorado, for Amicus Curiae Arapahoe County Sheriff

Tari Williams, County Attorney, Graham Jackson, Assistant County Attorney, Glenwood Springs, Colorado, for Amicus Curiae Garfield County Sheriff

Brenda L. Jackson, Canon City, Colorado, for Amicus Curiae Fremont County Sheriff

Nathan Shultz, County Attorney, Fowler, Colorado, for Amicus Curiae Crowley County Sheriff

William G. Ressue, County Attorney, David Ayraud, Deputy County Attorney, Fort Collins, Colorado, for Amicus Curiae Larimer County Sheriff

Kelly Lowery, County Attorney, Sterling, Colorado, for Amicus Curiae Sedgwick County Sheriff

Ben Pearlman, County Attorney, Melanie Lewis, Senior Assistant County Attorney, Boulder, Colorado, for Amicus Curiae Boulder County Sheriff

Daniel Tom, County Attorney, Salida, Colorado, for Amicus Curiae Chaffee County Sheriff

Donald L. Steerman, Lamar, Colorado, for Amicus Curiae Baca County Sheriff

Peter A. Lichtman, County Attorney, Georgetown, Colorado, for Amicus Curiae Clear Creek County Sheriff

Amy T. Markwell, County Attorney, Telluride, Colorado, for Amicus Curiae San Miguel County Sheriff

Todd M. Starr, County Attorney, Grand Junction, Colorado, for Amicus Curiae Mesa County Sheriff

Paul W. Hurcomb, Colorado Springs, Colorado, for Amicus Curiae Teller County Sheriff

Nathan Shultz, County Attorney, Fowler, Colorado, for Amicus Curiae Otero County Sheriff

¶ 1     Plaintiffs, the Estate of Susanne Burgaz — by and through personal representatives Erika Zommer, Kristian Arnold, and Amelia Eudailey — and each personal representative individually, appeal the district court's order dismissing, as untimely filed, their claims against defendant, Jeff Shrader, in his official capacity as Sheriff of Jefferson County.  We affirm.

I.     Background

¶ 2     Susanne Burgaz died by suicide on August 31, 2017, while she was detained at the Jefferson County Detention Facility (JCDF), which is operated by the Jefferson County Sheriff's Office (JCSO). Burgaz was known to be at risk for suicide, but she was left unattended in an area without suicide mitigation measures for fifty-one minutes before she died.

¶ 3     Twenty-one months later, on May 14, 2019, plaintiffs brought claims for negligent operation of a jail resulting in wrongful death and survival against Shrader, in his official capacity, under a respondeat superior theory of liability.[1]  They argued that JCSO, as

---

[1] Plaintiffs first filed state and federal claims in federal court.  The magistrate judge dismissed the federal law claims on substantive grounds but dismissed the state law claims without prejudice.  *See*

1

employer of JCDF deputies, was responsible for the tortious acts and omissions that led to Burgaz's death.

¶ 4    Shrader moved to dismiss the claims as barred by the one-year limitations period set forth in section 13-80-103(1)(c), C.R.S. 2022. Plaintiffs argued that their claims were timely under the two-year limitation provided in section 13-80-102(1)(h), C.R.S. 2022. The district court agreed with Shrader and dismissed plaintiffs' claims.

¶ 5    Plaintiffs now appeal.

## II.   Standard of Review

¶ 6    The purpose of a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted is to test the formal sufficiency of the plaintiff's complaint. *Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 306 (Colo. App. 2007). Although defendants in Colorado are generally not allowed to raise the statute of limitations defense under C.R.C.P. 12(b)(5), an exception exists "where the bare allegations of the complaint reveal that the action

---

*Est. of Burgaz v. Bd. of Cnty. Comm'rs*, 30 F.4th 1181 (10th Cir. 2022) (affirming dismissal of the federal law claims).

2

was not brought within the required statutory period." *SMLL, L.L.C. v. Peak Nat'l Bank*, 111 P.3d 563, 564 (Colo. App. 2005).

¶ 7  We review a trial court's decision to grant a C.R.C.P. 12(b)(5) motion and its legal conclusions as to which statute of limitations applies de novo. *Wagner*, 166 P.3d at 307; *Fiscus v. Liberty Mortg. Corp.*, 2014 COA 79, ¶ 13, *aff'd on other grounds*, 2016 CO 31.

¶ 8  We also review questions of statutory interpretation de novo. *Poudre Sch. Dist. R-1 v. Stanczyk*, 2021 CO 57, ¶ 13. To effectuate the legislature's intent, "we look to the entire statutory scheme in order to give consistent, harmonious, and sensible effect to all of its parts, and we apply words and phrases in accordance with their plain and ordinary meanings." *Id.* (citation omitted). We must "avoid constructions that would render any of the statutory language superfluous or that would lead to illogical or absurd results." *Harvey v. Cath. Health Initiatives*, 2021 CO 65, ¶ 16. If the statute's plain language is clear and unambiguous, we apply it as written and need not resort to other tools of statutory construction. *Id.*

III.  Analysis

A.  Sections 13-80-102's and 13-80-103's Plain Language

¶ 9  Section 13-80-102 provides a two-year statute of limitations for "[a]ll actions against any public or governmental entity . . . *except as otherwise provided in this section or section 13-80-103*." § 13-80-102(1)(h) (emphasis added).  Section 13-80-103 provides that "[a]ll actions against sheriffs" be brought within one year, "regardless of the theory upon which suit is brought, or against whom suit is brought."  § 13-80-103(1)(c).

¶ 10  Plaintiffs argue the district court applied the incorrect statute of limitations and that their claims were timely under section 13-80-102(1)(h).  While they acknowledge that a lawsuit against Shrader in his *individual* capacity would be time barred pursuant to section 103, they assert section 102 applies because they named Shrader in the complaint as a means for initiating litigation against JCSO, a governmental entity, under a respondeat superior theory of liability.

¶ 11  But plaintiffs' position contradicts the plain language of section 102, which excepts claims that fall under section 103, and 103, which expressly applies to all claims against sheriffs.  As

4

commonly understood in its plain and ordinary meaning, the word "all" means without limitation or restriction. *Poudre Sch. Dist. R-1*, ¶ 13; *Nat'l Farmers Union Prop. & Cas. Co. v. Est. of Mosher*, 22 P.3d 531, 534 (Colo. App. 2000) (describing statutory use of the word "all" as "inclusive," similar to "any" and "every") (citation omitted). While plaintiffs argue this expansive language does not apply to claims brought under the respondeat superior theory of liability, the General Assembly further clarified that section 103 applies to claims against law enforcement officers "regardless of the theory upon which suit is brought." § 13-80-103(1)(c) (emphasis added). Giving these broad terms their plain and ordinary meanings, we conclude section 103 applies to plaintiffs' claims. *See Poudre Sch. Dist. R-1*, ¶ 13.

  B. *Garcia* and *Gallegos* Do Not Compel a Different Result

¶ 12 In dismissing plaintiffs' claims, the district court found two opinions of this court instructive: *Garcia v. Harms*, 2014 COA 154, and *Gallegos v. City of Monte Vista*, 976 P.2d 299 (Colo. App. 1998). In *Garcia*, a division considered the applicability of section 103 to claims against the State of Colorado, the Governor, and five law enforcement authorities, all of whom were named in their official

5

capacities. *Garcia*, ¶ 15. The division concluded that section 102 applied to the claims against the State and Governor, but the claims against the law enforcement officers were subject to section 103's one-year statute of limitations. *Id.* Importantly, the *Garcia* division reached this conclusion notwithstanding the fact that the law enforcement officers were named in their official capacities.

¶ 13  Plaintiffs argue *Garcia* is distinguishable because their claims are predicated solely on a respondeat superior theory of liability. They rely on *Gallegos* for the proposition that respondeat superior claims are not subject to section 103, even if they are brought against law enforcement officers. But in *Gallegos*, the plaintiff filed an action "naming only the City as a defendant." 976 P.2d at 300. On appeal, the division concluded section 103 did not apply because "although *an action against [a] police officer properly would have been barred by the one-year statute of limitations*, . . . that dismissal does not bar [a] plaintiff's action *against the City* to the extent it is based on a theory of *respondeat superior*." 976 P.2d at 302-03 (emphasis added) (concluding that, "for an action brought *against the public entity* that is based on the actions of one of the listed individuals, the two-year limitations period in § 13-80-

6

102(1)(h), rather than the one-year period contained in § 13-80-103(1)(c), is controlling") (emphasis added).

¶ 14   We agree with the district court that *Gallegos* is distinguishable, and *Garcia* is dispositive. Plaintiffs argue that this case is like *Gallegos* because they sued Shrader as a proxy for bringing suit against the JCSO. Shrader concedes that he was the properly named party in this action. But the fact remains that plaintiffs named Shrader, not the JCSO, in their complaint. And section 103 plainly applies to *all* claims against sheriffs, even those based on misconduct by the entities they oversee.[2] The *Gallegos* division observed that the distinction between sections 102 and 103 is based on *the entity* that is sued, not the underlying theory of

---

[2] Plaintiffs rely upon *Terry v. Sullivan*, 58 P.3d 1098, 1101 (Colo. App. 2002), for their position that they were *required* to name Shrader as a proxy for the JCSO. Consequently, they argue, section 102, not section 103, applies to claims brought against a sheriff where there was no indication that the sheriff participated in the underlying conduct. But *Terry* does not stand for the proposition that naming solely the sheriff as proxy is mandated. Rather, the primary issue there was whether there was a genuine issue of material fact precluding summary judgment — specifically whether the *one-year* statute of limitations was tolled based on plaintiff's disability — and the case was remanded for further findings on that sole question. 58 P.3d at 1101. *Terry* therefore recognizes the application of section 103 to all claims against sheriffs.

7

liability. 976 P.2d at 302 (noting that "by its plain terms, [section 103] applies only to those persons specifically listed" and that the General Assembly did not intend to "extend this protection *to the public entity* which employs such individuals") (emphasis added). As we have discussed, this comports with the plain language of these statutes, which have not been amended since *Gallegos* was decided.[3]

¶ 15   Finally, to the extent plaintiffs argue that it is absurd to subject their claims to a one-year statute of limitations when a two-year limitations period would apply if they sued a city or state jail, we disagree. This is what the plain language of section 103 requires. Importantly, given that sheriffs at the county level are separately elected and accountable to the public, whereas city and state law enforcement officers are accountable to the public entity that employs them, we do not find this distinction so absurd as to

---

[3] Other courts have similarly applied section 103 to claims against a sheriff "or any other law enforcement authority" related to conduct in which the sheriff did not directly participate. *See, e.g.*, *Garrett v. Bd. of Cnty. Comm'rs*, No. 1:18-cv-02968-DDD-STV, 2019 WL 3997085, at *11 (D. Colo. Aug. 23, 2019) (unpublished opinion); *Kartiganer v. Newman,* No. 09-cv-00050-WYD-MEH, 2010 WL 3779303, at *9 (D. Colo. Aug. 30, 2010) (unpublished opinion), *aff'd,* 450 F. App'x 713 (10th Cir. 2011).

require us to disregard the statute's plain language. *Compare* §§ 30-10-501, -511, C.R.S. 2022 (providing for election of county sheriffs and giving sheriffs "charge and custody of the jails of the county"), *with* §§ 31-30-101, -108(1), C.R.S. 2022 (allowing the governing body of a city or town to provide for a paid police department and providing a process for interviewing police candidates and "making the hiring decision"). In other words, the county sheriff is not merely a passthrough for the county jails — the sheriff is the responsible party for operating the jails, including supervising their deputies. *See, e.g., Tunget v. Bd. of Cnty. Comm'rs*, 992 P.2d 650, 652 (Colo. App. 1999) ("[U]nder § 30-10-506, the sheriff would be responsible for any injuries resulting from the deputy's alleged negligence.").

¶ 16   Likewise, because we conclude the statute is unambiguous, we do not consider plaintiffs' policy arguments. *See Prairie Mountain Publ'g Co. v. Regents of Univ. of Colo.*, 2021 COA 26, ¶¶ 25, 32 (declining to decide whether an unambiguous statutory mandate "is good policy or good government" because it is not for us to "second-guess the policy preferences of the legislature").

9

¶ 17    Accordingly, we conclude the district court properly dismissed plaintiffs' claims as untimely under section 103.  *See Wagner*, 166 P.3d at 307.

IV.   Conclusion

¶ 18    The order is affirmed.

JUDGE HARRIS and JUDGE GOMEZ concur.

# Court of Appeals

**STATE OF COLORADO**
2 East 14th Avenue
Denver, CO 80203
(720) 625-5150

**PAULINE BROCK**
**CLERK OF THE COURT**

## NOTICE CONCERNING ISSUANCE OF THE MANDATE

Pursuant to C.A.R. 41(b), the mandate of the Court of Appeals may issue forty-three days after entry of the judgment. In worker's compensation and unemployment insurance cases, the mandate of the Court of Appeals may issue thirty-one days after entry of the judgment. Pursuant to C.A.R. 3.4(m), the mandate of the Court of Appeals may issue twenty-nine days after the entry of the judgment in appeals from proceedings in dependency or neglect.

Filing of a Petition for Rehearing, within the time permitted by C.A.R. 40, will stay the mandate until the court has ruled on the petition. Filing a Petition for Writ of Certiorari with the Supreme Court, within the time permitted by C.A.R. 52(b), will also stay the mandate until the Supreme Court has ruled on the Petition.

BY THE COURT:   Gilbert M. Román,
Chief Judge

DATED:  January 6, 2022

*__Notice to self-represented parties__:  You may be able to obtain help for your civil appeal from a volunteer lawyer through The Colorado Bar Association's (CBA) pro bono programs. If you are interested in learning more about the CBA's pro bono programs, please visit the CBA's website at www.cobar.org/appellate-pro-bono or contact the Court's self-represented litigant coordinator at 720-625-5107 or appeals.selfhelp@judicial.state.co.us.*