IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01607-CNS-STV

The ESTATE OF ABBY ANGELO;
KRISTIE ANGELO, as Personal Representative of the Estate of Abby Angelo; and
K.L., a minor, by and through his grandmother, Kristie Angelo,

Plaintiffs,

v.

The BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, a governmental entity;
REGGIE MARINELLI, in her official capacity as Jefferson County Sheriff;
WELLPATH LLC;
CARRIE EARLE, LPN, in her individual capacity;
REBECCA STRONG, LPN, in her individual capacity;
COURTNEY SLOWEY, LPN, in her individual capacity;
NICOLE WOLF, RN, in her individual capacity; and
ESMERALDA ZIEGELMANN, RN, in her individual capacity,

Defendants.

**MOTION TO STRIKE DEFENDANTS' NOTICE OF NON-PARTY AT FAULT [ECF NOS. 61 & 70]**

Plaintiffs, by and through undersigned counsel, move the Court to strike Defendants' Notice of Non-Party at Fault [ECF No. 61] and Defendant Marinelli's Joinder in Defendants' Notice of Non-Party at Fault [ECF No. 70].[1]

---

[1] Because this is "a motion filed under Fed. R. Civ. P. 12," it is exempt from the duty to confer. D.C.COLO.LCivR 7.1(b)(2). Nonetheless, undersigned counsel conferred with Kristina Rood, counsel for the Wellpath Defendants and Defendant Marinelly, who oppose the relief sought herein.

## INTRODUCTION

This case arises out of the constitutionally deficient medical care Abby Angelo received while a detainee at the Jefferson County Detention Facility. *See generally First Amended Complaint*, ECF No. 47. As a result of these deficiencies, Ms. Angelo died from a preventable heart infection. *See id.* This case is brought by Kristie Angelo – Ms. Angelo's mother – as the personal representative of the Estate of Abby Angelo, and as the legal guardian of Ms. Angelo's heir, K.L. Plaintiffs bring federal claims pursuant to 42 U.S.C. § 1983 for deliberate indifference to serious medical need and state law claims for medical negligence, negligent training and supervision, and wrongful death. *See id.* at 42-49.

Defendants gave notice that they intend to assert that Abby Angelo was a nonparty at fault for Plaintiffs' injuries pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b). ECF No. 61 at 1; ECF No. 70 at 1. In essence, Defendants' designations of non-party at fault lay the blame on Abby Angelo for her own death. According to Defendants, Abby Angelo is at fault because of her past intravenous drug use. The designations are nothing more than an attempt to shift the focus away from the actual claims in this case—which relate to the deficient medical care Defendants provided in response to Ms. Angelo's medical condition, not to who caused the need for medical treatment. The Court should strike this nonparty at fault designation because it is substantively deficient and, in the alternative, is inapplicable to Plaintiffs' federal claims.

## LEGAL STANDARD

Colo. Rev. Stat. § 13-21-111.5 governs the designation of nonparties at fault in Colorado state law actions, even where such actions are heard in federal court. *King v. McKillop*, 112 F. Supp. 2d 1214, 1217-18 (D. Colo. 2000). In civil actions for liability under Colorado law, a defendant may designate a nonparty "wholly or partially at fault" for the alleged negligence by

giving notice under Colo. Rev. Stat. § 13-21-111.5(3)(b). This provision "ensures that a party that is found liable will not be responsible for more than its fair share of the damages." *Stone v. Satriana*, 41 P.3d 705, 708-09 (Colo. 2002).

"[B]oth Colorado courts and courts of this District recognize the designation of a nonparty at fault as a pleading." *McGraw v. Cobra Trucking Inc.*, No. 20-cv-01032-NYW, 2020 WL 7230637, at *3 (D. Colo. Dec. 8, 2020) (citing cases). And pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense."

## ARGUMENT

### I. Defendants' Notice Is Substantively Deficient as a Matter of Law Because It Fails to Allege a Legally Cognizable Duty or Breach Thereof.

In order to satisfy Colo. Rev. Stat. § 13-21-111.5(3)(b), a defendant seeking to designate a nonparty at fault must submit: (1) the nonparty's name, (2) the nonparty's last known address, and (3) a brief statement of the basis for the nonparty's fault. *See Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001). Courts construe nonparty designation requirements strictly to avoid a defendant attributing liability to a nonparty from whom the plaintiff cannot recover. *Id*. at 80.

A nonparty designation must be stricken as insufficient as a matter of law if the designating party fails to allege a prima facie case of negligence under a legally cognizable theory. *See id*. at 80-81 (finding denial of nonparty-at-fault designation proper because the defendant failed to allege duty and breach elements of prima facie case for professional negligence); *Stone*, 41 P.3d at 709 (finding designation of nonparty at fault improper because the defendants failed to allege a cognizable legal malpractice claim). Moreover, "the person or entity designated under § 13-21-111.5 must, in order for his or her fault or negligence to be measured under the statute, owe or have owed a duty recognized by the law **to the injured plaintiff**."

3

*Miller v. Byrne*, 916 P.2d 566, 578 (Colo. App. 1995) (emphasis added). The elements of a negligence claim are existence of a duty, a breach of that duty, causation, and damages. *Redden*, 38 P.3d at 80; *see also Great N. Ins. Co. v. Great Indoors*, No. 06– cv–01359–LTB–PAC, 2007 WL 184683, at *2 (D. Colo. Jan. 22, 2007) (stating that the person or entity designated under the statute must owe, or have owed, a duty recognized by law to the injured plaintiff).

Here, Defendants present no allegations that Abby Angelo owed a duty of care to any Plaintiff or breached that duty of care. Defendants do not cite any authority supporting the notion that a decedent can be considered a nonparty at fault in circumstances similar to these. There is no "duty recognized by the law" that Abby Angelo owed to her future estate, or to her heirs, relating to her need for adequate medical care at the Jefferson County Detention Facility. *Miller*, 916 P.2d at 578. Imposing such a duty here would make little sense—and would permit medical professionals facing malpractice claims to deflect blame onto patients for their own "negligence" in "causing" their own underlying medical conditions. Consequently, Defendants' designation of nonparty at fault fails to allege two elements of a negligence claim and is accordingly insufficient as a matter of law. *See McGraw v. Cobra Trucking Inc.*, No. 20-cv-01032-NYW, 2020 WL 7230637, at *2 (D. Colo. Dec. 8, 2020) ("A nonparty designation should be stricken as insufficient as a matter of law if the designating party fails to allege a prima facie case of negligence under a legally cognizable theory.").

Plaintiffs move the Court to strike the designation in full.

## II. Defendants' Designation is Inapplicable to Plaintiffs' Federal Claims.

If the Court declines to strike in the designation in full, Plaintiffs alternatively move the Court to strike it to the extent it is applicable to Plaintiffs' federal claims.

Defendants' designation of nonparty at fault makes no distinction between Plaintiffs' state and federal claims, and on its face purports to apply to all of Plaintiffs' claims. *See*

*generally* ECF Nos. 61 & 70. However, "it is well-established that comparative fault does not apply in the Section 1983 context." *Bevan v. Valencia*, No. CV 15-0073 KG/SCY, 2018 WL 3187356, at *7 (D.N.M. June 28, 2018). *See, e.g., Fourhorn v. City & Cnty. of Denver*, No. 08-cv-01693-MSK-KLM, 2008 WL 5423349, at *3 (D. Colo. Dec. 30, 2008) ("Section 13-21-111.5 is not applicable to diminish . . . parties' liability for federal law claims."); *Cordova v. City of Albuquerque*, 816 F.3d 645, 659 (10th Cir. 2016), *abrogated on other grounds by Thompson v. Clark*, 142 S. Ct. 1332 (2022) ("Comparative negligence is not applied in suits for violations of federal constitutional rights.") (quotation omitted); *Kellum v. Bernlillo Cty.*, No. 14-cv-00163 RB/CG, 2015 WL 12861334, at *2 (D.N.M. June 12, 2015) ("Comparative fault is inapplicable to claims brought under 42 U.S.C. § 1983.").

Defendants' designation is inapplicable to Plaintiffs' federal claims. Accordingly, the Court should strike Defendants' designation to the extent it is made with respect to Plaintiffs' federal claims.

## CONCLUSION

For the foregoing reasons, the Court should strike Defendants' designations of non-party at fault in full because they are deficient as a matter of law. In the alternative, if the Court declines to strike the designations in full, they should be stricken to the extent they are made with respect to Plaintiffs' federal claims.

Respectfully submitted,

/s Felipe Bohnet-Gomez
Felipe Bohnet-Gomez
Virginia Hill Butler
Matthew Cron
Siddhartha Rathod
Rathod Mohamedbhai LLC
2701 Lawrence St., Suite 100

5

Denver, CO 80205
fbg@rmlawyers.com
vb@rmlawyers.com
mc@rmlawyers.com
sr@rmlawyers.com

*Attorneys for Plaintiffs*

6