**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civ. Act. No. 23-cv-01607-CNS-STV

THE ESTATE OF ABBY ANGELO, et al.

Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, et al.,

Defendants.

---

**DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY AND JEFFERSON COUNTY SHERIFF REGINA MARINELLI'S RESPONSES TO PLAINTIFFS AMENDED SECOND SET OF DISCOVERY REQUESTS**

---

Defendants Board of County Commissioners of Jefferson County and Jefferson County Sheriff Regina Marinelli (the "Board" and the "Sheriff," respectively; collectively, the "County Defendants"), by and through Assistant Deputy County Attorney Rebecca Klymkowsky, hereby respond to Plaintiffs' Amended Second Set of Discovery Requests as follows:

<u>GENERAL OBJECTIONS</u>

The County Defendants make the following general objections to the requests for discovery and incorporates these general objections into each of his individual responses.

1. The following responses are made without waiving or intending to waive:

    a. All questions as to competency, relevancy, materiality, privilege, and admissibility of these responses or their subject matter for any purpose, in any subsequent proceeding, in this or any other action;

    b. The right to object to the use of any of these responses, or their subject matter, in any subsequent proceeding, in this or any other action;

    c. The right at any time to revise, correct, supplement, or clarify any of these responses; and

    d. The right to assert additional objections and to seek protective orders.

 2. The County Defendants object to any request which seeks privileged information, including, but not limited to, information or material protected by the attorney-client privilege and/or work product doctrine, or information protected by the deliberative process privilege.

 3. The County Defendants object to any request to the extent it is overbroad and unduly burdensome.

 4. The County Defendants object to any request, which assumes a certain state of facts to be true which have not been stipulated to or demonstrated to be true.

 5. The County Defendants object to every request that is ambiguous, indefinite, and lacking in precision.

 6. The County Defendants object to any request which explicitly or implicitly calls for, requires, requests, or is based upon a legal conclusion.

 7. The County Defendants object to any of the requests that require them to speculate about information for which they have no personal or firsthand knowledge.

 8. The County Defendants object to the "Definitions and Instructions" section of the discovery requests to the extent that such definitions seek to impose burdens on them that are greater than those imposed by the Federal Rules of Civil Procedure and the Scheduling Order entered in this case. Without waiving this objection, the County Defendants will respond to Plaintiffs' discovery in a fashion that complies with the letter and intent of the Rules.

 9. The County Defendants object to Plaintiffs' requests to the extent that they seek information about events that occurred after Ms. Angelo's death, which are either inadmissible as subsequent remedial measures that are inadmissible under F.R.E. 402, or not relevant to any claim or defense at issue in this case.

 10. The County Defendants object to Plaintiffs' requests for production to the extent that they fail to describe the required documents with reasonable particularity as required by Fed. R. Civ. P. 34.

 10. The County Defendants object to any request for production which calls for the production of confidential procedures and policies to the extent release of such information could endanger staff, inmate, or facility safety, or seeks information that is protected from disclosure under any statutory or common law privilege or by state or federal law.

 11. These general objections apply to each of the following responses and objections. Any failure to repeat an objection in response to a specific request for production or interrogatory shall not be deemed a waiver of these general objections.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**12.     Please [produce] all records and footage of video and/or telephone visits that Decedent conducted while at the Jefferson County Detention Facility between June 19 and June 28, 2021.**

SHERIFF'S RESPONSE: Without waiving any objection, the Sheriff directs parties to JCSO_1899-1900.

> **Commented [RK1]:** 7/21/21 and 7/27/21 video visits - will need bates numbers. What are bates numbers for plaintiff-produced jail videos and calls (def videos, not sure about calls?).

BOARD'S RESPONSE: Without waiving any objection, the Board does not have any such records to produce.

**13.     Please produce all kites informal or formal, related to Decedent while housed at the JCDF between June 19 to June 28, 2021. This includes kites submitted by Decedent, those submitted on her behalf, and those referring to or discussing her.**

**14.     Please produce all grievances, informal or formal, related to Decedent while housed at the JCDF between June 19 and June 28, 2021. This includes grievances submitted by Decedent, those submitted on her behalf, and those referring to or discussing her.**

OBJECTION: The County Defendants object to these requests for production on grounds that they are overly broad, unduly burdensome, and is not proportional to the needs of this case because it conceivably asks the County Defendants to examine every kite or grievance submitted throughout the Jefferson County Detention Facility between June 19 and June 28, 2021, to conclusively rule out any other incarcerated individual's mention of Ms. Angelo to confirm that no kite or grievance was submitted "on her behalf" or "referr[ed] or discuss[ed] her." The County Defendants also object to these requests for production because the terms "referring to" and "discussing" are vague. Finally, the County Defendants object to these requests for production because they require the County Defendants to provide information regardless of their personal knowledge of such activities.

SHERIFF'S RESPONSE: Without waiving any objection, the Sheriff states that Ms. Angelo did not submit any kites or grievances between June 19 and 28, 2021.

BOARD'S RESPONSE: Without waiving any objection, the Board states that it does not have any such records to produce.

**REQUESTS FOR ADMISSION**

**2.      Stephanie Whiting did not write a report related to Abby Angelo.**

COUNTY DEFENDANTS' OBJECTION: This request is vague in that it does not delineate a period to which it refers.

3

SHERIFF'S RESPONSE: Without waiving any objection, the Sheriff admits that Dep. Stephanie Whiting did not write a report related to Ms. Angelo on June 27, 2021.

BOARD'S RESPONSE: Without waiving any objection, the Board lacks the information necessary to admit or deny this request because it neither employs nor supervises deputy sheriffs and therefore denies it.

3.   **Abby Angelo's cell in the Special Housing Unit was equipped with a surveillance camera but the surveillance camera was not functioning between June 27 to June 28, 2021.**

SHERIFF'S RESPONSE: Without waiving any objection, the Sheriff denies this request for admission.

BOARD'S RESPONSE: Without waiving any objection, the Board lacks the information necessary to admit or deny this request because it is not the custodian of the Jefferson County Jail and therefore denies it.

4.   **Licensed Practical Nurses and Registered Nurses are not licensed to diagnose medical conditions.**

COUNTY DEFENDANTS' OBJECTIONS: The County Defendants object to this request for admission because it is compound and seeks to solicit a legal conclusion related to the scope of practice for licensed practical nurses and registered nurses, *see Stark-Romero v. Nat'l R.R. Passenger Co*., 275 F.R.D. 551, 554 (D.N.M. 2011) (citing cases for the proposition that "one party cannot demand that the other party admit the truth of a legal conclusion").

SHERIFF'S RESPONSE: Without waiving any objection, the Sheriff lacks the information necessary to admit or deny this request and therefore denies it.

BOARD'S RESPONSE: Without waiving any objection, the Board lacks the information necessary to admit or deny this request and therefore denies it.

5.   **Between June 19 and June 28, 2021, Abby Angelo did not see a medical provider licensed to diagnose medical conditions.**

COUNTY DFEENDANTS' RESPONSE: The County Defendants object to this request for admission because it is compound and seeks to solicit a legal conclusion related to the scope of practice for licensed practical nurses and registered nurses, *see Stark-Romero v. Nat'l R.R. Passenger Co*., 275 F.R.D. 551, 554 (D.N.M. 2011) (citing cases for the proposition that "one party cannot demand that the other party admit the truth of a legal conclusion").

SHERIFF'S RESPONSE: Without waiving any objection, the Sheriff lacks the information necessary to admit or deny this request and therefore denies it. The Sheriff further states that Ms. Angelo's medical records document her interactions with medical staff during her June 2021

incarceration at the JCDF and that those documents speak for themselves.

BOARD'S RESPONSE: Without waiving any objection, the Board lacks the information necessary to admit or deny this request because it is not the custodian of any medical records related to individuals incarcerated in the Jefferson County Jail and therefore denies it.

Dated March 5, 2024.				JEFFERSON COUNTY ATTORNEY'S OFFICE

By: */s/ Rebecca P. Klymkowsky*
Rebecca P. Klymkowsky, #41673
Assistant Deputy County Attorney
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
T: 303.271.8932
F: 303.271.8901
E: rklymkow@jeffco.us
*Attorney for the Board and the Sheriff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2024, I served the foregoing **DEFENDANT BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY AND JEFFERSON COUNTY SHERIFF REGINA MARINELLI'S RESPONSES TO PLAINTIFF'S AMENDED SECOND DISCOVERY REQUESTS** via email upon the following:

Virginia Hill Butler, vb@rmlawyers.com
Matthew Cron, mc@rmlawyers.com
Felipe Bohnet-Gomez, fbg@rmlawyers.com
Siddhartha Rathod, sr@rmlawyers.com
*Attorneys for Plaintiffs*

Ashlee B. Hesman, ahesman@strucklove.com
Daniel P. Struck, dstruck@strucklove.com
Kristina R. Rood, krood@structlove.com
*Attorney for Wellpath Defendants*

*/s/ Rocky Kent*
Rocky Kent, Litigation Paralegal