EXHIBIT 3

EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-01607-CNS-STV

The ESTATE OF ABBY ANGELO;
KRISTIE ANGELO, as Personal Representative of the Estate of Abby Angelo; and
K.L., a minor by and through his grandmother Kristie Angelo

        Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY;
REGGIE MARINELLI;
WELLPATH, LLC;
CARRIE EARLE, LPN;
REBECCA STRONG, LPN;
COURTNEY SLOWEY, LPN;
NICOLE WOLF, RN;
ESMERALDA ZIEGELMANN, RN,

        Defendants.

---

## WELLPATH DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANTS

---

        Defendants Earle, Slowey, Strong, Wolf, Ziegelmann (collectively, "Individual Wellpath Defendants"), and Wellpath (collectively "Defendants") respond to Plaintiffs' First Set of Discovery Requests to Defendants as follows. Wellpath Defendants reserve the right to supplement these responses as necessary and as discovery continues.

### GENERAL OBJECTIONS AND PREFATORY NOTE

        **Failure to Direct Interrogatories, Requests for Production, and Requests for Admission to Particular Defendants: Plaintiffs failed to direct their discovery requests to a particular Defendant. To illustrate, all Interrogatories and all Requests for Production were**

originally propounded to all Defendants. Defendants objected to this procedure, and Plaintiffs revised their discovery requests only to the extent that they notified Defendants that ROG Nos. 5, 6, and 12 are directed only to BOCC, Sheriff Marinelli, and Wellpath; ROG No. 12 is directed only to Wellpath; and RFP No. 9 is directed only to BOCC, Sheriff Marinelli, and Wellpath. This is still improper because ROG Nos. 1–4, 7–11, and 13; RFP Nos. 1–8, and 10–11; and RFA No. 1 are directed to all Defendants. Plaintiffs' failure to direct their requests to a particular Defendant improperly prevents Individual Wellpath Defendants from making different responses to the same request. *See Calloway v. Veal*, 2012 WL 1143829 at * 6 (E.D. Cal. April 4, 2012) ("Plaintiff has not directed his requests for discovery to a particular respondent. Plaintiff may not address his requests to all of the Defendants together, because this prevents individual defendants from making different responses to the same request."). Moreover, many of the discovery requests could (and should) be directed to particular Defendants, but Plaintiffs refuse to do so. *See, e.g.,* RFP No. 11 (requesting all research conducted by County Defendants into Wellpath prior to entering into a contract with Wellpath). Without waiving this objection, Wellpath Defendants have served individual responses to these Interrogatories, Requests for Production, and Requests for Admission (to the extent requested) as a matter of good faith and cooperation at this early stage of discovery. However, Wellpath Defendants reserve and do not waive the right to object and/or raise this issue with the Court should Plaintiffs employ this same improper discovery method in the future.

<h1 style="text-align:center">**INTERROGATORIES**</h1>

**INTERROGATORY NO. 1:**

Please identify each and every person who assisted in answering these interrogatories, requests for production of documents, and requests for admission.

**RESPONSE:**

**OBJECTION: improperly seeks information protected from disclosure by the attorney-client privilege and work production doctrine.**

**Without waiving this objection, Wellpath Defendants respond as follows:**

**Wellpath: Defense counsel prepared these responses with their clients.**

**Defendant Earle: Defense counsel prepared these responses with their clients.**

**Defendant Slowey: Defense counsel prepared these responses with their clients.**

**Defendant Strong: Defense counsel prepared these responses with their clients.**

**Defendant Wolf: Defense counsel prepared these responses with their clients.**

**Defendant Ziegelmann: Defense counsel prepared these responses with their clients.**

**INTERROGATORY NO. 2:**

Please identify and describe in detail each and every investigation that was conducted (whether formal or informal and whether pending or concluded) by any individual or entity related in any way to the Incident, including any investigation conducted before Plaintiffs' Complaint was filed. Your response should include, but not necessarily be limited to, investigations conducted by any Defendant (including those conducted by any agent, representative, employee/ex-employee, and/or contractor of any (Defendant) and/or any other individual(s) and/or entity(ies)[ ) ], and should describe with particularity the date(s), scope, and nature of each such investigation(s); identification of any and all individuals involved in any capacity in such investigation(s) by name, address, and telephone number; the findings of any such investigation(s); a description of all

documents associated with any such investigation(s); and any and all actions taken as a result of the findings of any such investigation(s).

**<u>RESPONSE</u>:**

      **OBJECTION: compound, as this Interrogatory constitutes at least eight separate discovery requests; vague and ambiguous as to "investigation," as this term is undefined; vague and ambiguous as to "entity(ies)," as it is unclear to which entities this Interrogatory refers; seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Interrogatory requests information concerning investigations conducted by any "entity(ies)" during the relevant timeframe; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Interrogatory seeks information concerning investigations that are "related in any way to the Incident," as "such broad language makes the arduous task of deciding which of numerous [information] may conceivably fall within its scope,"** *see GSL Grp. Inc. v. Travelers, Indem. Co.*, **2020 WL 12813087, at \*3 (D. Colo. May 27, 2020) (citation omitted); impermissibly seeks evidence of subsequent remedial measures,** *see* **Fed. R. Evid. 407; irrelevant, overbroad in time, and unduly burdensome to the extent this Interrogatory is virtually unlimited in time and to the extent it seeks information concerning alleged actions taken by Defendants after the incidents alleged in Plaintiffs' First Amended Complaint ("FAC"), as that information is unrelated to any claim or defense; irrelevant, overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks the "address[] and telephone number" of any person involved in any investigation concerning the "Incident," as the Interrogatory impermissibly seeks direct contact information for persons who are represented by counsel and should only be contacted through counsel; and irrelevant, overbroad in scope, and unduly burdensome to the extent the Interrogatory seeks information related to facilities other than Jefferson County Jail ("JCJ").**

**Without waiving these objections, Wellpath Defendants respond as follows:**

**Wellpath: Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.**

**Defendant Earle: Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.**

**Defendant Slowey: Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.**

**Defendant Strong: Defendant Slowey is unaware of any investigation concerning the subject incident; however, Defendant Slowey is aware that an investigation generally occurs but that such an investigation is conducted by an administrative position.**

**Defendant Wolf: Defendant Wolf does not recall any investigation concerning the subject incident.**

**Defendant Ziegelmann: Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.**

**INTERROGATORY NO. 3:**

Please identify and describe any and all interviews and/or statements (whether written or unwritten and whether recorded or unrecorded) taken by and/or obtained from any individual and/or entity (including but not limited to the parties in this action; any employees of any Defendant) related in any way to the Incident. Your response should include identification and description of the following for each such interview and/or statement: the name, address, telephone number, employer, and job title of the person interviewed; the date, location, and nature of the interview and/or statement; the name, address, telephone number, and employer of the interviewer; and the location and custodian of any and all documents and other recordings memorializing and/or related to the interview and/or statement.

**RESPONSE:**

OBJECTION: compound, as this Interrogatory requests that Defendants identify whether any (1) interviews were taken regarding the subject incident, or (2) whether any statements were made regarding the same, and, for each, to identify (1) the name, (2) address, (3) telephone number, (4) employer of the interviewee, (5) job title of the person interviewed, (6) the date, (7) location, (8) nature of the interview, (9) the name, (10) address, (11) telephone number, (12) employer of the interviewer, (13) location/custodian of any documents, and (14) location/custodian of any recordings made; vague and ambiguous as to "interview" and "statement," as it is unclear to which type of interviews—e.g., formal or informal, made to a news station, etc.—and statements this Interrogatory refers; vague and ambiguous as to "entity," as it is unclear to which entity this Interrogatory refers; seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Interrogatory requests information concerning any interview or statement made by any "entity"; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Interrogatory seeks information concerning any interviews or statements made "related in any way to the Incident," as "such broad language makes the arduous task of deciding which of numerous [information] may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at *3 (citation omitted); irrelevant, overbroad in time, and unduly burdensome to the extent this Interrogatory is virtually unlimited in time and to the extent it seeks information concerning alleged actions taken by Defendants after the incidents alleged in Plaintiffs' FAC, as that information is unrelated to any claim or defense pled in Plaintiffs' FAC; irrelevant, overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks the "address[] and telephone number" of any person involved in any investigation concerning the "Incident," as the Interrogatory impermissibly seeks direct contact information for persons who are represented by counsel and should only

be contacted through counsel; and irrelevant, overbroad in scope, and unduly burdensome to the extent the Interrogatory seeks information related to facilities other than JCJ.

Without waiving these objections, Wellpath Defendants respond as follows:

**Wellpath:** Pursuant to Fed. R. Civ. P. 33(d), *see* Excerpts from Decedent's Medical Record, previously produced as WELLPATH_AA000002–9 , 76–79; Excerpts of Jefferson County Sheriff Office Narratives and Statements, previously produced as JCSO 000001–12, 15–21, 23, 25–28, 31–39, 41–43, 46–57, ANGELO_000699, 723–730, 733–773, 777–785; Excerpts of Decedent's JCJ Records, previously produced as JCSO 000076–79, 106–109, Dr. Carver Forensic Pathologist Report, previously produced as JCSO 000144–150 and ANGELO_001093–1099; and Excerpt of Wheat Ridge Police Department Incident Statement, previously produced as ANGELO_001486.

**Defendant Earle:** Pursuant to Fed. R. Civ. P. 33(d), *see* Excerpts of Decedent's JCJ Medical Record, previously produced as WELLPATH_AA000044–48, 53–58, 63.

**Defendant Strong:** Pursuant to Fed. R. Civ. P. 33(d), *see* Excerpts of Decedent's JCJ Medical Record, previously produced as WELLPATH_AA000049, 52–53, 58.

**Defendant Slowey:** Pursuant to Fed. R. Civ. P. 33(d), *see* Excerpts of Decedent's JCJ Medical Record, previously produced as WELLPATH_AA000025–28, 36, 49, 58, 62–63.

**Defendant Wolf:** Pursuant to Fed. R. Civ. P. 33(d), *see* Excerpts of Decedent's JCJ Medical Record, previously produced as WELLPATH_AA000003 and JCSO 000056.

**Defendant Ziegelmann:** Pursuant to Fed. R. Civ. P. 33(d), *see* Excerpts of Decedent's JCJ Medical Record, previously produced as WELLPATH_AA000022–24, 32–35, 37–43, 52, 53–56, 58.

<u>**INTERROGATORY NO. 4**</u>:

Please identify and describe any and all disciplinary actions/proceedings (whether formal or informal) that were imposed or conducted on any Jefferson County and/or Wellpath LLC

employee following and related in any way to the Incident. Your response should include, but not necessarily be limited to, identification of each and every individual involved in any capacity in the disciplinary actions/proceedings (by name, current address and telephone number, job title, and employer), all information relied upon in determining the appropriate disciplinary action/proceeding, identification of the individual(s) against whom such disciplinary action/proceeding was imposed/conducted, the nature of the disciplinary action imposed or disciplinary proceeding conducted, and identification of any and all documents (including, but not limited to, electronic recordings) created in connection with such action/proceeding.

**RESPONSE:**

**OBJECTION: compound, as this Interrogatory constitutes at least six separate Interrogatories; vague and ambiguous as to "investigations" and "proceedings," as it is unclear to which types of investigations and proceedings this Interrogatory refers; vague and ambiguous as to "disciplinary actions," as that phrase encompasses a variety of actions— e.g., verbal reprimand for arriving late to a shift—many of which are likely not related to the claims or defenses at issue; vague and ambiguous as to "related entity," as it is unclear to which "entity" this Interrogatory refers; impermissibly seeks evidence of subsequent remedial measures, *see* Fed. R. Evid. 407; irrelevant, overbroad, and unduly burdensome to the extent this Interrogatory is virtually unlimited in time and scope and is thus not relevant to the claims asserted in Plaintiffs' FAC; irrelevant, overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent this Interrogatory seeks information from "related entities" for which Wellpath does not have custody or control; irrelevant, overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks the "current address[] and telephone number" of any person involved in any disciplinary investigation, as the Interrogatory impermissibly seeks direct contact information for persons who are represented by counsel and should only be contacted through counsel;**

irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks information "related in any way to the Incident," as "such broad language makes the arduous task of deciding which of numerous [information] may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at *3 (citation omitted); and irrelevant, overbroad in time, and unduly burdensome to the extent this Interrogatory seeks information concerning alleged actions taken by Wellpath after the incidents alleged in Plaintiff's FAC, as that information is unrelated to any claim or defense.

Without waiving these objections, Wellpath Defendants respond as follows:

**Wellpath:** Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.

**Defendant Earle:** Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.

**Defendant Slowey:** Defendant Slowey was not disciplined concerning the subject incident.

**Defendant Strong:** Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.

**Defendant Wolf:** Defendant Wolf was not disciplined concerning the subject incident.

**Defendant Ziegelmann:** Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.

**<u>INTERROGATORY NO. 5:</u>** *(As to Wellpath, only)*

Describe in detail the bid and negotiation process between Jefferson County and Wellpath LLC (including Wellpath LLC's predecessor entities) relating to the contract for health services and any renewals of the same since the time of the first contract between these Defendants. Include a description of any back and forth negotiations on terms, including the staffing of Wellpath LLC employees, how the bid process worked, what other companies put in bids or the like for the contract

and why Wellpath LLC and/or its predecessor entities were ultimately selected to receive the contract.

**RESPONSE**:

OBJECTION: compound, as this Interrogatory constitutes at least seven separate Interrogatories; vague and ambiguous as to "bid and negotiation process" as it is unclear as what this phrase means; vague and ambiguous as to "predecessor entities," as it is unclear to which specific entities this Interrogatory refers; vague and ambiguous as to "renewals," as it is unclear what this word means; vague and ambiguous as to "back and forth negotiations on terms," as it is unclear what this phrase means; seeks information protected from disclosure by the deliberative process privilege, *see S.E.C. v. Nacchio*, 704 F. Supp. 2d 1099, 1109 (D. Colo. 2010) ("[T]he privilege prevents the premature disclosure of proposed policies and avoids misleading the public by documents "suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action."); seeks information protected from disclosure by the attorney client privilege to the extent this Interrogatory seeks information about the negotiation process; seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Interrogatory requests information concerning "other companies" that "put in bids or the like for the contract" with Jefferson County or information concerning "why Wellpath LLC and/or its predecessor entities were ultimately selected"; irrelevant, overbroad in time, and unduly burdensome to the extent this Request is virtually unlimited in time and is thus not relevant to the claims asserted in Plaintiffs' FAC; irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks information "relating to the contract for health services," as "such broad language makes the arduous task of deciding which of numerous [information] may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at *3 (citation omitted); irrelevant, overbroad in scope, and unduly burdensome,

as the "bid and negotiation process between Jefferson County and Wellpath LLC" is not probative of whether Wellpath Defendants were deliberately indifferent to Decedent's serious medical needs or fell below the standard of care in providing her care; and to the extent this Request seeks electronically stored information ("ESI"), it is overbroad, not proportional to the needs of the case, and unduly burdensome to the extent Plaintiff did not provide any proposed ESI search terms or other parameters.

Without waiving these objections, Wellpath responds as follows:

Wellpath: Pursuant to Fed. R. Civ. P. 33(d), *see* Wellpath's Health Services Contract with County of Jefferson, State of Colorado, produced as WELLPATH_AA000080–143.

**INTERROGATORY NO. 6:** *(As to Wellpath, only)*

Please identify each detainee or inmate who died in custody from 2011 to the present at the JCDF, and, for each detainee or inmate identified, describe the date of death, the cause of death, what treatment was provided, whether the detainee or inmate was treated at the JCDF or transferred to the hospital or other outpatient medical facility, and which Wellpath LLC (and/or predecessor entities) employees treated the detainee or inmate.

**RESPONSE:**

**OBJECTION: compound, as this constitutes at least seven separate Interrogatories; vague, confusing, irrelevant, and overbroad to the extent this Interrogatory seeks information regarding "inmates," as Decedent was a pre-trial detainee and any information with respect to "inmates" is therefore irrelevant to Plaintiffs' FAC and is not proportional to the needs of this case; vague and ambiguous, irrelevant, overbroad, and unduly burdensome to the extent this Interrogatory seeks information concerning any detainee who died at JCJ, generally, as detainees may have died at JCJ based on a number of different causes, many of which are not relevant to the claims at issue concerning Decedent's tricuspid valve endocarditis; irrelevant, overbroad in time and scope, and unduly burdensome to the**

extent this Interrogatory seeks information concerning detainee deaths spanning a period of 12 years, two of which post date the subject issue and are thus not related to any claims at issue; seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Interrogatory requests information concerning any detainees who died at JCJ from 2011 to present, as Wellpath provided medical services at JCJ from 2016 to 2021, only; and improperly seeks information that is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") for detainees other than Decedent.

Based on these objections, no response is provided. To the extent Plaintiffs clarify and narrow this Request, Wellpath will consider supplementing.

**INTERROGATORY NO. 7:**

Please identify (by name, address, telephone number, job title and employer) each and every County Defendant employee, contractor, and agent who was on duty and assigned to the JCDF between June 19 and 28, 2021; each and every Wellpath LLC employee, contractor, and agent who was on duty and assigned to the JCDF between June 19 and 28, 2021; each and every detainee/inmate, including identification numbers, who were detained on any floor(s) that Abby Angelo went to while at the JCDF between June 19 and 28, 2021; and anyone else who had any contact with Abby Angelo at the JCDF between June 19 and 28, 2021.

**RESPONSE:**

**OBJECTION: compound, as this constitutes at least four separate Interrogatories, each of which has multiple discreet subparts; vague, confusing, irrelevant, and overbroad to the extent this Interrogatory seeks information regarding "inmates," as Decedent was a pre-trial detainee and any information with respect to "inmates" is therefore irrelevant to Plaintiffs' FAC and is not proportional to the needs of this case; vague and ambiguous as to "any floor(s) that Abby Angelo went to," as it is unclear as this seeks information concerning**

where Decedent was housed at JCJ or every location she "went to," while at JCJ; and seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Interrogatory requests information concerning "every County Defendant employee, contractor, and agent who was on duty and assigned to the JCDF between June 19 and 28, 2021" and "every detainee/inmate, including identification numbers, who were detained on any floor(s) that Abby Angelo went to while at the JCDF."

Without waiving these objections, Wellpath Defendants respond as follows:

**Wellpath:** Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.

**Defendant Earle:** Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.

**Defendant Slowey:** Defendant Slowey recalls only that on June 27, 2021, Defendant Strong, HSA Monica Albers, and herself were staffed in the medical unit.

**Defendant Strong:** Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.

**Defendant Wolf:** Defendant Wolf does not recall each Wellpath employee, contractor, or agent who was on duty and assigned to JCJ between June 19 and 28, 2021.

**Defendant Ziegelmann:** Defense counsel requested responsive information and, to the extent any exists, will supplement upon receipt.

**INTERROGATORY NO. 8:**

Identify and describe any previous complaints against the Individual Defendants, whether formal or informal, that alleges you failed to provide medical care. Please include the identity of the party, the date of the complaint, the nature of the complaint (law suit [sic], demand letter, notice of claims, inmate grievance or kite, complaints to the Board of Nursing or any other regulatory

body, etc., without limitation,[ ) ] the nature of the injury if any, and the outcome of the complaint) [sic].

**RESPONSE:**

      **OBJECTION: compound, as this constitutes at least four separate Interrogatories; vague and ambiguous as to "complaints," as it is unclear to which types of "complaints" this Interrogatory refers; vague and ambiguous as to "the identity of the party," as it is unclear to which party this Interrogatory refers; vague and ambiguous as to "other regulatory body," as it is unclear to which regulatory body this Interrogatory refers; vague and ambiguous as to "outcome of the complaint," as it is unclear what this phrase means; irrelevant, overbroad in time, and unduly burdensome to the extent this Interrogatory is virtually unlimited in time and is thus not relevant to the claims asserted in Plaintiffs' FAC; irrelevant, overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks information concerning complaints that Individual Wellpath Defendants failed to provide "medical care," generally, as any such complaints cover a variety of medical issues, many of which are likely unrelated to the claims at issue concerning Decedent's tricuspid valve endocarditis; unduly burdensome and not proportional to the needs of the case to the extent this Interrogatory requires Wellpath Defendants to review every sick call request and/or grievance filed by any detainee housed at JCJ for an unlimited period of time regarding complaints that Individual Wellpath Defendants failed to provide medical care; seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Interrogatory seeks detainee grievances, where grievances are generally submitted to security staff, not medical staff; irrelevant, overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent this Interrogatory seeks information related to facilities where Wellpath provides medical care other than JCJ; improperly seeks information that is protected by HIPAA for detainees other than Decedent;**

- 14 -

irrelevant, overbroad in time, and unduly burdensome to the extent this Interrogatory seeks information that post-dates the time period at issue and is thus not relevant to the claims asserted in Plaintiffs' FAC; and seeks information that is equally accessible to Plaintiffs through publicly available court websites or compulsory process and is not limited to information or records in Wellpath Defendants' possession, custody, or control. *See McKellips v. Kumho Tire Co., Inc.*, 305 F.R.D. 655, 680–681 (D. Kan. 2015) ("It is well established that discovery need not be required of documents of public record which are equally accessible to all parties."); *City of Las Cruces v. United States*, 2021 WL 330062, at *8 (D.N.M. Feb. 1, 2021) ("Control does not exist … where the document is a public record that is equally accessible to all parties.").

Without waiving these objections, Wellpath Defendants respond as follows:

Wellpath: Defense counsel requested responsive information for five years prior to the subject issue for similarly situated plaintiffs and, to the extent any responsive information exists, will supplement upon receipt.

Defendant Earle: Defense counsel requested responsive information for five years prior to the subject issue for similarly situated plaintiffs and, to the extent any responsive information exists, will supplement upon receipt.

Defendant Slowey: Defendant Slowey has been involved in the following legal proceedings: *Leonhard, et al. v. Correct Care Solutions, LLC, et al.*, Case No. 19-cv-0600; *Rogacki v. Jefferson County, et al.*, Case No. 21-cv-2281; and *Angelo v. Board of County Commissioners of Jefferson County, et al.,* Case No. 23-cv-1607. Information concerning "the identity of the party, the date of the complaint, the nature of the complaint … the nature of the injury if any, and the outcome of the complaint" is readily available for Plaintiffs' review on PACER. *See* PACER, https://pacer.uscourts.gov/. Defendant Slowey is unaware of any inmate kites or grievances filed against her.

Defendant Strong: Defendant Strong has been involved in the following legal proceedings: *Leonhard, et al. v. Correct Care Solutions, LLC, et al.*, Case No. 19-cv-0600; and *Angelo v. Board of County Commissioners of Jefferson County, et al.*, Case No. 23-cv-1607. Information concerning "the identity of the party, the date of the complaint, the nature of the complaint … the nature of the injury if any, and the outcome of the complaint" is readily available for Plaintiffs' review on PACER. *See* PACER, https://pacer.uscourts.gov/. Defense counsel requested responsive information for five years prior to the subject issue for similarly situated plaintiffs and, to the extent any responsive information exists, will supplement upon receipt.

Defendant Wolf: Defendant Wolf has not been named as a defendant in any lawsuits other than the instant matter and is unaware of any inmate kites or grievances filed against her.

Defendant Ziegelmann: Defense counsel requested responsive information for five years prior to the subject issue for similarly situated plaintiffs and, to the extent any responsive information exists, will supplement upon receipt.

**INTERROGATORY NO. 9:**

Please identify persons who have knowledge of and/or information about any Individual Defendant's job performance during their employment with Wellpath LLC and/or its predecessor entities. Identification of each such person should include a description of his or her knowledge and information relating to these Individual Defendants' ability to perform their job responsibilities; any and all commendations, accolades, promotions, and/or awards earned by these Individual Defendants during their employment; any alleged performance deficiencies during their employment; any and all individuals who had the ability to monitor their employment; and any and all attempts to notify any of these Individual Defendants of any performance deficiencies.

**RESPONSE:**

OBJECTION: compound, as this constitutes at least nine separate Interrogatories; vague and ambiguous as to "job performance," as this term is undefined; vague and ambiguous as to "predecessor entities," as it is unclear to which specific entities this Interrogatory refers; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Interrogatory seeks information concerning "information relating to these Individual Defendants' ability to perform their job responsibilities," as "such broad language makes the arduous task of deciding which of numerous [information] may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at *3 (citation omitted); irrelevant, overbroad in time, and unduly burdensome to the extent this Interrogatory is virtually unlimited in time and is thus not relevant to the claims asserted in Plaintiffs' FAC; irrelevant, overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent this Interrogatory seeks information related to facilities where Wellpath provides medical care other than JCJ; irrelevant, overbroad in time, and unduly burdensome to the extent this Interrogatory seeks information that post-dates the time period at issue and is thus not relevant to the claims asserted in Plaintiffs' FAC; seeks information that is equally accessible to Plaintiffs through publicly available court websites or compulsory process and is not limited to information or records in Wellpath Defendants' possession, custody, or control, *see McKellips*, 305 F.R.D. at 680–681 ("It is well established that discovery need not be required of documents of public record which are equally accessible to all parties."); *City of Las Cruces*, 2021 WL 330062, at *8 ("Control does not exist … where the document is a public record that is equally accessible to all parties."); to the extent this Interrogatory seeks ESI, it is overbroad, not proportional to the needs of the case, and unduly burdensome to the extent Plaintiffs did not provide any proposed ESI search terms or other parameters; and seeks information that is more readily

available by means of a deposition, *see Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997) ("In many instances depositions, rather than interrogatories, will better serve the purpose of obtaining detailed facts.").

Without waiving these objections, Wellpath Defendants respond as follows:

Wellpath: RN Monica Albers was the Health Services Administrator ("HSA") at JCJ during the time at issue, and Jamie Xiong was the Director of Nursing, both of whom would have information about the Individual Wellpath Defendants' job performances during the time at issue. Additionally, pursuant to Fed. R. Civ. P. 33(d), *see* Wellpath Personnel File for Defendant Slowey, produced as WELLPATH_AA000607–883. Defense counsel has requested additional responsive information and, to the extent any exists, will supplement upon receipt.

Defendant Earle: RN Monica Albers was the Health Services Administrator ("HSA") at JCJ during the time at issue, and Jamie Xiong was the Director of Nursing, both of whom would have information about the Individual Wellpath Defendants' job performances during the time at issue. Defense counsel has requested additional responsive information and, to the extent any exists, will supplement upon receipt.

Defendant Slowey: RN Monica Albers was the HSA at JCJ during the time at issue, and Jamie Xiong was the Director of Nursing, both of whom would have information about the Individual Wellpath Defendants' job performances during the time at issue. Defendant Ziegelmann (the Charge Nurse at the time), RN Chistina Messer, and RN Nathan Gipson would also have information about Defendant Slowey's job performance. Defendant Slowey never received negative feedback, and, in fact, Defendant Ziegelmann provided positive feedback to Defendant Slowey about her patient care and performance.

Defendant Strong: RN Monica Albers was the HSA at JCJ during the time at issue, and Jamie Xiong was the Director of Nursing, both of whom would have information about

the Individual Wellpath Defendants' job performances during the time at issue. Defense counsel has requested additional responsive information and, to the extent any exists, will supplement upon receipt.

Defendant Wolf: RN Monica Albers was the HSA at JCJ during the time at issue, and Jamie Xiong was the Director of Nursing, both of whom would have information about the Individual Wellpath Defendants' job performances during the time at issue. Defendant Ziegelmann (the Charge Nurse at the time) would also have information about Defendant Wolf's job performance. Defendant Wolf received excellent reviews during her employment at JCJ and never received any poor performance reviews.

Defendant Ziegelmann: RN Monica Albers was the HSA at JCJ during the time at issue, and Jamie Xiong was the Director of Nursing, both of whom would have information about the Individual Wellpath Defendants' job performances during the time at issue. Defense counsel has requested additional responsive information and, to the extent any exists, will supplement upon receipt.

INTERROGATORY NO. 10:

Please identify every detainee or inmate that died of tricuspid valve endocarditis ("TVE") and/or sepsis while at a detention facility in the United States at which Wellpath LLC and/or its predecessor entities contracted to provide medical service [sic] from 2011 to the present. Please include, *inter alia*, the date of death, what treatment was provided, whether the detainee or inmate was treated at the detention facility or transferred to the hospital or other outpatient medical facility, and whether a claim, investigation, or complaint (formal or informal) was made, and the result of any such claim, investigation, or complaint (with a case number, if applicable).

RESPONSE:

OBJECTION: compound, as this constitutes at least six separate Interrogatories; vague, confusing, irrelevant, and overbroad to the extent this Interrogatory seeks

- 19 -

information regarding "inmates," as Decedent was a pre-trial detainee and any information with respect to "inmates" is therefore irrelevant to Plaintiffs' FAC and is not proportional to the needs of this case; vague and ambiguous as to "investigation," as this term is undefined; vague and ambiguous as to "complaint," as it is unclear to which type of "complaint" this Interrogatory refers; irrelevant, overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks information concerning any detainee who died of sepsis, as that is not related to any claim in Plaintiffs' FAC, where they explicitly allege that Decedent died from tricuspid valve endocarditis (Dkt. 26 at ¶ 175 ("Ms. Angelo died from tricuspid valve endocarditis ("TVE").")); irrelevant, overbroad in time, and unduly burdensome to the extent this Request seeks information for a span of 12 years, four of which post-date the time period at issue, and is thus not relevant to the claims asserted in Plaintiffs' FAC; irrelevant, overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent this Interrogatory seeks information concerning "every detainee … that died of tricuspid valve endocarditis ("TVE") … while at a detention facility in the United States at which Wellpath LLC and/or its predecessor entities contracted to provide medical service"; improperly seeks information that is protected by HIPAA for detainees other than Decedent; seeks information that is as equally accessible to Plaintiffs as Defendants, and, indeed, is already in Plaintiffs' possession, custody, or control, as evidenced by the fact that Plaintiffs cited to such information in the FAC (see Dkt. 47 at ¶ 211 ("One plaintiff died due to bowel perforation and sepsis after medical staff refused to transport him to the hospital despite escalating and serious symptoms."), ¶ 217 ("Mr. Lillis died of sepsis and severe bacterial pneumonia, easily treatable conditions that would not have killed him had he been provided him with proper and timely medical attention and treatment.")); and unduly burdensome and not proportional to the needs of the case to the extent this Interrogatory requires Wellpath Defendants to review any detainees' autopsy report and/or

morbidity and mortality report who died in a facility where Wellpath and/or Wellpath-related entity provided medical care to determine whether that detainee died of tricuspid valve endocarditis or sepsis; and to the extent this Interrogatory seeks ESI, it is overbroad, not proportional to the needs of the case, and unduly burdensome to the extent Plaintiffs did not provide any proposed ESI search terms or other parameters.

Without waiving these objections, Wellpath Defendants respond as follows:

**Wellpath:** Defense counsel has requested responsive information for JCJ and, to the extent it exists will supplement upon receipt.

**Defendant Earle:** Defense counsel has requested responsive information and, to the extent it exists will supplement upon receipt.

**Defendant Slowey:** Defendant Slowey is unaware of any detainee dying of tricuspid valve endocarditis at JCJ other than Decedent.

**Defendant Strong:** Defense counsel has requested responsive information and, to the extent it exists will supplement upon receipt.

**Defendant Wolf:** Defendant Wolf is unaware of any detainee dying of tricuspid valve endocarditis at JCJ other than Decedent.

**Defendant Ziegelmann:** Defense counsel has requested responsive information and, to the extent it exists will supplement upon receipt.

<u>**INTERROGATORY NO. 11**</u>:

Please identify any and all policies, protocols, standards, guidelines, procedures, practices or the like relating to the provision of medical care to inmates, including but not limited to the treatment of low oxygen saturation, low or elevated body temperature, elevated heart rate, incontinence, inability to walk, shortness of breath and recognition and diagnosis of TVE and/or sepsis, the signs and symptoms of TVE and/or sepsis, the treatment of TVE and/or sepsis, and the transport of detainees/inmates to receive emergent care or to any outpatient facility from 2011 to

present. Please include who drafted said policies, protocols, standards, guidelines, procedures, practices, when such policies, etc. were drafted, and when and how many times such policies, etc. have been amended.

**RESPONSE:**

**OBJECTION: compound, as Interrogatory seeks seven different types of documents concerning ten different types of information; vague and ambiguous as to "protocols, standards, guidelines, procedures, practices, or the like," as it is unclear to which specific documents this Interrogatory refers; vague and ambiguous as to "outpatient facility," as it is unclear whether this Interrogatory seeks information concerning off-site facilities or outpatient facilities, where individuals receive medical care that do not require them to stay overnight; vague, confusing, irrelevant, and overbroad to the extent this Interrogatory seeks information regarding "inmates," as Decedent was a pre-trial detainee and any information with respect to "inmates" is therefore irrelevant to Plaintiffs' FAC and is not proportional to the needs of this case; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks documents "related to the provision of medical care to inmates," as "such broad language makes the arduous task of deciding which of numerous [information] may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at \*3 (citation omitted); irrelevant, overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks information concerning sepsis, as Plaintiffs allege in the FAC that Decedent had tricuspid valve endocarditis, not sepsis (*see* Dkt. 47 at ¶ 20 (alleging that a temperature of 95.8 is "often a sign of sepsis," not that Decedent had sepsis)); irrelevant, overbroad in time, and unduly burdensome to the extent this Request seeks information for a span of 12 years, four of which post-date the time period at issue, and is thus not relevant to the claims asserted in Plaintiffs' FAC; impermissibly seeks evidence of subsequent remedial measures, *see* Fed. R. Evid. 407; and irrelevant,**

overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks information concerning who drafted Wellpath's policies, as such information is not probative of whether Wellpath Defendants were deliberately indifferent or fell below the standard of care in treating Decedent.

Without waiving these objections, Wellpath Defendants respond as follows:

Wellpath: Pursuant to Fed. R. Civ. P. 33(d), *see* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

Defendant Earle: Pursuant to Fed. R. Civ. P. 33(d), *see* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

Defendant Slowey: Pursuant to Fed. R. Civ. P. 33(d), *see* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

Defendant Strong: Pursuant to Fed. R. Civ. P. 33(d), *see* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

Defendant Wolf: Pursuant to Fed. R. Civ. P. 33(d), *see* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

Defendant Ziegelmann: Pursuant to Fed. R. Civ. P. 33(d), *see* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

**INTERROGATORY NO. 12:** *(As to Wellpath, only)*

Please describe how Wellpath LLC and/or its predecessor entities determines [sic] the number and type of medical staff on duty at the JCDF from 2011 to present.

**RESPONSE:**

**OBJECTION: vague and ambiguous as to "predecessor entities," as it is unclear to which specific entities this Interrogatory refers; irrelevant, overbroad in time, and unduly burdensome to the extent this Request seeks information for a span of 12 years, four of which post-date the time period at issue, and is thus not relevant to the claims asserted in Plaintiffs' FAC; and irrelevant, overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks information about the "number and type of medical staff on duty," as there are no allegations in the FAC that Wellpath understaffed the medical unit at JCJ and/or that such understaffing led to Decedent's death.**

**Based on these objections, no response is provided.**

**INTERROGATORY NO. 13:**

Please provide a detailed employment history for all Individual Defendants from June 2011 to the present, including a list of all jobs held, salary, job duties and responsibilities, reasons for separation, employer's name, address, phone number, and supervisor's name.

**RESPONSE:**

**OBJECTION: duplicative of Interrogatory No. 9; compound, as this constitutes at least eight separate Interrogatories; irrelevant, overbroad in time, and unduly burdensome to the extent this Request seeks information for a span of 12 years, four of which post-date the time period at issue, and is thus not relevant to the claims asserted in Plaintiffs' FAC; irrelevant, overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks the "address[] and phone number" of Individual Wellpath Defendants' employers, which necessarily includes Wellpath employees, as the Interrogatory impermissibly seeks direct**

contact information for persons who are represented by counsel and should only be contacted through counsel; irrelevant, overbroad in scope, and unduly burdensome to the extent this seeks information for jobs and positions that are unrelated to medical care; irrelevant, overbroad in scope, and unduly burdensome to the extent this Interrogatory seeks Individual Wellpath Defendants' salaries, as the amount these individuals earned is not probative of whether they were deliberately indifferent or fell below the standard of care in providing Decedent medical care; and seeks information that is more readily available by means of a deposition, *see Hilt*, 170 F.R.D. at 187 ("In many instances depositions, rather than interrogatories, will better serve the purpose of obtaining detailed facts.").

Without waiving these objections, Wellpath Defendants respond as follows:

Wellpath: Pursuant to Fed. R. Civ. P. 33(d), *see* Wellpath Personnel File for Defendant Slowey, produced as WELLPATH_AA000607–883. Defense counsel has requested the personnel files of Defendants Earle, Strong, Wolf, and Ziegelmann and, to the extent responsive information exists, will supplement upon receipt.

Defendant Earle: Defense counsel has requested responsive information and, to the extent it exists will supplement upon receipt.

Defendant Slowey: Pursuant to Fed. R. Civ. P. 33(d), *see* Wellpath Personnel File for Defendant Slowey, produced as WELLPATH_AA000607–883. Additionally, Defendant Slowey was employed by The Center at Lincoln (12230 Lioness Way, Parker, CO 80134; (720) 214-7777) in Parker, Colorado as a CNA from August 2011 to August 2014 and as an LPN from August 2014 to August 2015. Defendant Slowey does not recall the name of her supervisor. Defendant Slowey left this position to work PRN at JCJ for Wellpath. Defendant Slowey has been employed with Wellpath since August 2015, at which time she was hired as an LPN at JCJ. Her primary responsibilities included med pass, triaging kites, seeking detainees for sick call, responding to emergencies, and monitoring detoxing detainees. Her

supervisor was HSA Monica Albers. She worked at JCJ until December 2021, and, in January 2022, began working as a traveling LPN for Wellpath at various facilities. LPN Slowey was also employed by BrightStar beginning on September 30, 2020 for eight months and provided home health care as an LPN. Her primary responsibilities included monitoring patients placed on a ventilator. Her supervisor was Benjamin Matzka, an RN/BSN. She left this position too cut back on her work hours, as she was also working full time for Wellpath. LPN Slowey was also employed by Altius from September 11, 2021 to June 2022. Her primary responsibilities included providing home health care, preparing medication boxes, providing wound care, evaluating skin, and reporting abnormal findings to the Director of Nursing. Her supervisor was Zee Arustamyan. She left this position because she moved and began traveling for Wellpath.

Defendant Strong: Defense counsel has requested responsive information and, to the extent it exists will supplement upon receipt.

Defendant Wolf: Defendant Wolf was employed by Carilion New River Valley Medical Center (2900 Lamb Cir, Christiansburg, VA 24073; (540) 731-2000) in Christiansburg, Virginia from August 2011 to August 2016 as an RN on the med-surg floor. Her primary responsibilities included monitoring patients with chronic illnesses and recovering from surgery. Her supervisor was Chris Scott, an RN. She left this position because she moved out of state. Defendant Wolf was employed by Wellpath at JCJ from August 2016 to January 2021 as an RN. Her primary responsibilities included monitoring detoxing detainees, administering medications, and evaluating detainees for illnesses. Her supervisor was Monica Albers, HSA and RN. She currently works PRN for Wellpath. Currently, Defendant Wolf is employed by All Points North (11951 E Iliff Ave, Aurora, CO 80014; (855) 950-3975) in Aurora, Colorado as an RN. Her primary responsibilities include

monitoring detoxing patients and administering medications. Her supervisor is Alex Corech, Clinical Director.

Defendant Ziegelmann: Defense counsel has requested responsive information and, to the extent it exists will supplement upon receipt.

<u>**REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

<u>**DOCUMENT REQUEST NO. 1:**</u>

Please produce any and all documents referencing the Incident, claims, or defenses as set forth in Plaintiffs' Complaint or Decedent's confinement, care, and treatment while at JCDF that you did not voluntarily disclose to Plaintiffs in your Initial Disclosures. This includes, but is not limited to, originals and copies of any notes, journals, diaries, recordings, correspondence, memoranda, and documents on which you have made notes relating to the Incident.

<u>**RESPONSE:**</u>

**OBJECTION: compound, as this Request seeks multiple different types of documents concerning multiple different topics—i.e., "originals and copies of any notes, journals, diaries, recordings, correspondence, memoranda, and documents on which you have made notes related to the Incident"; vague and ambiguous as to "originals and copies," as it is unclear to which type of document this Request seeks; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks documents "relating to the Incident," as "such broad language makes the arduous task of deciding which of numerous documents may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at \*3 (citation omitted); irrelevant, overbroad in scope, and unduly burdensome to the extent this Request seeks information concerning "Decedent's confinement," as Plaintiffs do not bring a conditions of confinement claim, and thus, information related to Decedent's confinement is not related to any claims or defenses; irrelevant, overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent this Request seeks information for "Decedent's confinement" for which Wellpath Defendants do not have custody or control, as Decedent was not in Wellpath's custody; irrelevant, overbroad in time, and unduly burdensome to the extent this Request seeks information for a detention at JCJ other than the detention at issue; irrelevant,**

overbroad in time, and unduly burdensome to the extent this Request is virtually unlimited in time and to the extent it seeks information concerning alleged actions taken by Defendants after the incidents alleged in Plaintiffs' FAC, as that information is unrelated to any claim or defense; and to the extent this Request seeks ESI, it is overbroad, not proportional to the needs of the case, and unduly burdensome to the extent Plaintiffs did not provide any proposed ESI search terms or other parameters.

Without waiving these objections, Wellpath Defendants respond as follows:

Wellpath: *See* Decedent's Medical Records, previously produced as WELLPATH_AA000001–79. Wellpath will supplement to the extent any additional, responsive information exists.

Defendant Earle: *See* Decedent's Medical Records, previously produced as WELLPATH_AA000001–79. Defendant Earle will supplement to the extent any additional, responsive information exists.

Defendant Slowey: *See* Decedent's Medical Records, previously produced as WELLPATH_AA000001–79. Defendant Slowey will supplement to the extent any additional, responsive information exists.

Defendant Strong: *See* Decedent's Medical Records, previously produced as WELLPATH_AA000001–79. Defendant Strong will supplement to the extent any additional, responsive information exists.

Defendant Wolf: *See* Decedent's Medical Records, previously produced as WELLPATH_AA000001–79. Defendant Wolf will supplement to the extent any additional, responsive information exists.

Defendant Ziegelmann: *See* Decedent's Medical Records, previously produced as WELLPATH_AA000001–79. Defendant Ziegelmann will supplement to the extent any additional, responsive information exists.

**DOCUMENT REQUEST NO. 2:**

Please produce all documents identified, relied on, referred to or relating to any of your interrogatory responses.

**RESPONSE:**

**OBJECTION: vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks "relating to your interrogatory responses," as "such broad language makes the arduous task of deciding which of numerous documents may conceivably fall within its scope,"** *see GSL Grp. Inc.***, 2020 WL 12813087, at \*3 (citation omitted).**

Without waiving this objection, Wellpath Defendants respond as follows:

**Wellpath:** *See* **Wellpath's Health Care Services Contract with County of Jefferson, State of Colorado, produced as WELLPATH_AA000080–143; Wellpath's Policy and Procedure Manual Jefferson County Colorado Detention Facility, produced as WELLPATH_AA000144–527; Correct Care Solutions Nursing Documentation Pathways, produced as WELLPATH_AA000528–606; and Wellpath Personnel File for Defendant Slowey, produced as WELLPATH_AA000607–883.**

**Defendant Earle:** *See* **Abby Angelo's Medical Records, previously produced as WELLPATH_AA000001–79. Defendant Earle will supplement to the extent any additional, responsive information exists.**

**Defendant Slowey:** *See* **Abby Angelo's Medical Records, previously produced as WELLPATH_AA000001–79; Wellpath Personnel File for Defendant Slowey, produced as WELLPATH_AA000607–883. Defendant Slowey will supplement to the extent any additional, responsive information exists.**

**Defendant Strong:** *See* **Abby Angelo's Medical Records, previously produced as WELLPATH_AA000001–79. Defendant Strong will supplement to the extent any additional, responsive information exists.**

**Defendant Wolf:** *See* **Abby Angelo's Medical Records, previously produced as WELLPATH_AA000001–79. Defendant Wolf will supplement to the extent any additional, responsive information exists.**

**Defendant Ziegelmann:** *See* **Abby Angelo's Medical Records, previously produced as WELLPATH_AA000001–79. Defendant Ziegelmann will supplement to the extent any additional, responsive information exists.**

## DOCUMENT REQUEST NO. 3:

Please produce complete copies of each Individual Defendants' personnel (or personnel-type) files and/or documents (both official and unofficial, public and non- public), including but not limited to each Individual Defendants' resume, certifications, licenses, and other documents relating to their qualifications, training(s), credentials, performance, performance reviews, counseling, attendance, awards, disciplinary actions, internal affairs and other investigations, training, qualifications, and job responsibilities, including any and all modifications to same, from 2011 to the present.

## RESPONSE:

**OBJECTION: compound, as this Request seeks 16 different types of documents; vague and ambiguous as to "personnel-type files" and "documents (both official and unofficial, public and non-public)," as it is unclear to which type of documents this Request refers; vague and ambiguous as to "investigation," as this term is undefined; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks "relating to their qualifications, training(s), credentials, performance, performance reviews, counseling, attendance, awards, disciplinary actions, internal affairs**

and other investigations, training, qualifications, and job responsibilities, including any and all modifications to same," as "such broad language makes the arduous task of deciding which of numerous documents may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at *3 (citation omitted); impermissibly seeks evidence of subsequent remedial measures, *see* Fed. R. Evid. 407; irrelevant, overbroad in time, and unduly burdensome to the extent this Request seeks information for a span of 12 years, four of which post-date the time period at issue, and is thus not relevant to the claims asserted in Plaintiffs' FAC; and seeks information that is equally accessible to Plaintiffs through publicly available court websites or compulsory process and is not limited to information or records in Wellpath Defendants' possession, custody, or control. *See McKellips*, 305 F.R.D. at 680–681 ("It is well established that discovery need not be required of documents of public record which are equally accessible to all parties."); *City of Las Cruces*, 2021 WL 330062, at *8 ("Control does not exist … where the document is a public record that is equally accessible to all parties.").

Without waiving these objections, Wellpath Defendants respond as follows:

Wellpath: *see* Wellpath Personnel File for Defendant Slowey, produced as WELLPATH_AA000607–883. Defense counsel has requested the personnel files for Defendants Earle, Strong, Wolf, and Ziegelmann and, to the extent they exist, will supplement upon receipt. *See also* Defendants Earle's, Slowey's, Strong's, Wolf's, and Ziegelmann's license information maintained by the Colorado Department of Regulatory Agencies, which is publicly available to Plaintiffs at https://apps2.colorado.gov/dora/licensing/lookup/licenselookup.aspx.

Defendant Earle: Defense counsel has requested the personnel file for Defendant Earle and, to the extent it exists, will supplement upon receipt. *See also* Defendants Earle's license information maintained by the Colorado Department of Regulatory Agencies, which

is publicly available to Plaintiffs at https://apps2.colorado.gov/dora/licensing/lookup/licenselookup.aspx.

Defendant Slowey: *See* Wellpath Personnel File for Defendant Slowey, produced as WELLPATH_AA000607–883. *See also* Defendant Slowey's license information maintained by the Colorado Department of Regulatory Agencies, which is publicly available to Plaintiffs at https://apps2.colorado.gov/dora/licensing/lookup/licenselookup.aspx.

Defendant Strong: Defense counsel has requested the personnel file for Defendant Strong and, to the extent it exists, will supplement upon receipt. *See also* Defendant Strong's license information maintained by the Colorado Department of Regulatory Agencies, which is publicly available to Plaintiffs at https://apps2.colorado.gov/dora/licensing/lookup/licenselookup.aspx.

Defendant Wolf: Defense counsel has requested the personnel file for Defendant Wolf and, to the extent it exists, will supplement upon receipt. *See also* Defendant Wolf's license information maintained by the Colorado Department of Regulatory Agencies, which is publicly available to Plaintiffs at https://apps2.colorado.gov/dora/licensing/lookup/licenselookup.aspx.

Defendant Ziegelmann: Defense counsel has requested the personnel file for Defendant Ziegelmann and, to the extent it exists, will supplement upon receipt. *See also* Defendants Ziegelmann's license information maintained by the Colorado Department of Regulatory Agencies, which is publicly available to Plaintiffs at https://apps2.colorado.gov/dora/licensing/lookup/licenselookup.aspx.

**DOCUMENT REQUEST NO. 4:**

Please produce any and all documents pertaining to any and all investigations that were conducted by any individual, agency and/or entity (whether formal or informal) into the

circumstances surrounding the Incident. Your response should also include responsive materials concerning investigations that are presently underway but that have not yet been completed.

**RESPONSE:**

**OBJECTION: vague and ambiguous as to "investigation," as this term is undefined; vague and ambiguous as to "agency and/or entity," as it is unclear to which agency or entity this Request refers; vague and ambiguous as to "formal or informal," as it is unclear what this phrase means; impermissibly seeks evidence of subsequent remedial measures,** *see* **Fed. R. Evid. 407; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks documents "pertaining to any and all investigations," as "such broad language makes the arduous task of deciding which of numerous [information] may conceivably fall within its scope,"** *see GSL Grp. Inc.***, 2020 WL 12813087, at \*3 (citation omitted); irrelevant, overbroad, and unduly burdensome to the extent this Request is virtually unlimited in time and scope and is thus not relevant to the claims asserted in Plaintiffs' FAC; seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Request seeks documents from "any individual, agency and/or entity" who conducted "any and all investigations" "surrounding the Incident" for which Wellpath does not have custody or control; and irrelevant, overbroad in time, and unduly burdensome to the extent this Request seeks information concerning alleged actions taken by Wellpath after the incidents alleged in Plaintiffs' FAC, as that information is unrelated to any claim or defense pled in Plaintiffs' FAC.**

**Without waiving these objections, Wellpath Defendants respond as follows:**

**Wellpath: Defense counsel has requested responsive information and, to the extent any responsive information exists, will supplement upon receipt.**

**Defendant Earle: Defense counsel has requested responsive information and, to the extent any responsive information exists, will supplement upon receipt.**

**Defendant Slowey: Defendant Slowey has no responsive information.**

**Defendant Strong: Defense counsel has requested responsive information and, to the extent any responsive information exists, will supplement upon receipt.**

**Defendant Wolf: Defendant Wolf has no responsive information.**

**Defendant Ziegelmann: Defense counsel has requested responsive information and, to the extent any responsive information exists, will supplement upon receipt.**

## DOCUMENT REQUEST NO. 5:

Please produce any and all documents pertaining to any disciplinary actions taken against any County Defendant or Wellpath LLC employee, agent, or independent contractor at the JCDF from 2011 to present, relating to the medical care and treatment, or lack thereof, of any individual while under the County Defendants' care, custody or control.

## RESPONSE:

**OBJECTION: duplicative of Request for Production No. 4; compound, as this constitutes at least two separate Requests for Production; vague and ambiguous as to "disciplinary actions," as that phrase encompasses a variety of actions—e.g., verbal reprimand for arriving late to a shift—many of which are likely not related to the claims or defenses at issue; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks documents "pertaining to any disciplinary actions" and "relating to the medica care and treatment, or lack thereof, or any individual," as "such broad language makes the arduous task of deciding which of numerous documents may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at \*3 (citation omitted); impermissibly seeks evidence of subsequent remedial measures, *see* Fed. R. Evid. 407; irrelevant, overbroad in time, and unduly burdensome to the extent this Request seeks**

information for a span of 12 years, four of which post-date the time period at issue, and is thus not relevant to the claims asserted in Plaintiffs' FAC; irrelevant, overbroad in time and scope, unduly burdensome, and not proportional to the needs of the case to the extent this Request seeks information related to any disciplinary action taken against any Wellpath "employee, agent, or independent contractor" relating to "medical care," generally, for "any individual under the County Defendants' care, custody, or control," for a period of 12 years; irrelevant, overbroad in scope, and unduly burdensome to the extent this Request seeks information concerning any disciplinary actions taken for alleged failure to provide "medical care," generally, as that phrase covers a variety of medical issues, many of which are likely unrelated to the claims at issue concerning Decedent's tricuspid valve endocarditis; improperly seeks information that is protected by HIPAA for detainees other than Decedent; and seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Request seeks information concerning disciplinary actions taken against any "County Defendant … employee, agent, or independent contractor."

Based on these objections, no response is provided as to any Wellpath Defendants. To the extent Plaintiffs narrow this Request, Wellpath Defendants will consider supplementing their response.

**DOCUMENT REQUEST NO. 6:**

Please produce any and all documents relating to training, policies, procedures, standards, protocols and actual practices, customs, habits or usages in place for County Defendants and Wellpath LLC (and/or its predecessor entities) employees and/or contracted staff of the JCDF with respect to the treatment of low oxygen saturation, low or elevated body temperature, elevated heart rate, incontinence, inability to walk, shortness of breath and of TVE and/or sepsis, including but not limited to, the recognition and diagnosis of TVE and/or sepsis, the signs and symptoms of TVE

and/or sepsis, the treatment of TVE and/or sepsis, and the transport of detainees/inmates to receive emergent care or any outpatient facility.

**RESPONSE:**

        **OBJECTION: compound, as this Request seeks nine different types of documents concerning ten different types of information; calls for a legal conclusion to the extent this Request seeks documents showing Wellpath's policy, custom, or practice; vague and ambiguous as to "procedures, standards, protocols and actual practices, customs, habits or usages," as it is unclear to which specific documents this Request refers; vague and ambiguous as to "predecessor entities," as it is unclear to which specific entities this Request refers; vague and ambiguous as to "outpatient facility," as it is unclear whether this Request seeks information concerning off-site facilities or outpatient facilities, where individuals receive medical care that do not require them to stay overnight; vague, confusing, irrelevant, and overbroad to the extent this Request seeks information regarding "inmates," as Decedent was a pre-trial detainee and any information with respect to "inmates" is therefore irrelevant to Plaintiffs' FAC and is not proportional to the needs of this case; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks documents "relating to training, policies, procedures, standards, protocols and actual practices, customs, habits or usages," as "such broad language makes the arduous task of deciding which of numerous documents may conceivably fall within its scope," _see GSL Grp. Inc._, 2020 WL 12813087, at \*3 (citation omitted); irrelevant, overbroad in scope, and unduly burdensome to the extent this Request seeks information concerning sepsis, as Plaintiffs allege in the FAC that Decedent had tricuspid valve endocarditis, not sepsis (_see_ Dkt. 47 at ¶ 20 (alleging that a temperature of 95.8 is "often a sign of sepsis," not that Decedent had sepsis)); irrelevant, overbroad in time, and unduly burdensome to the extent this Request is virtually unlimited in time and to the extent it seeks information concerning**

alleged actions taken by Defendants after the incidents alleged in Plaintiffs' FAC, as that information is unrelated to any claim or defense pled in Plaintiffs' FAC; and impermissibly seeks evidence of subsequent remedial measures, *see* Fed. R. Evid. 407.

Without waiving these objections, Wellpath Defendants respond as follows:

**Wellpath:** Pursuant to Fed. R. Civ. P. 33(d), *see* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

**Defendant Earle:** Pursuant to Fed. R. Civ. P. 33(d), *see* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

**Defendant Slowey:** *See* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

**Defendant Strong:** *See* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

**Defendant Wolf:** *See* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

**Defendant Ziegelmann:** *See* Jefferson County Detention Center's Policy and Procedure Manual, produced as WELLPATH_AA000144–527 and Nursing Documentation Pathways, produced as WELLPATH_AA000528–606.

**DOCUMENT REQUEST NO. 7:**

Please produce any and all documents relating to training, policies, procedures, standards, protocols and actual practices, customs, habits or usages in place for employees and/or contracted

staff of the JCDF with respect to the interaction or relationship between, authority of, and division of responsibilities with respect to jail staff and medical staff.

**RESPONSE:**

  **OBJECTION: duplicative of Request for Production No. 6; compound, as this Request seeks nine different types of documents; calls for a legal conclusion to the extent this Request seeks documents showing Wellpath's policy, custom, or practice; vague and ambiguous as to "procedures, standards, protocols and actual practices, customs, habits or usages," as it is unclear to which specific documents this Request refers; vague and ambiguous as to "contracted staff," as it is unclear to whom this Request refers; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks documents "relating to training, policies, procedures, standards, protocols and actual practices, customs, habits or usages," as "such broad language makes the arduous task of deciding which of numerous documents may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at \*3 (citation omitted); seeks information that is more readily available by means of a deposition, *see Hilt*, 170 F.R.D. at 187 ("In many instances depositions, rather than interrogatories, will better serve the purpose of obtaining detailed facts."); and irrelevant, overbroad in time, and unduly burdensome to the extent this Request is virtually unlimited in time and to the extent it seeks information concerning alleged actions taken by Defendants after the incidents alleged in Plaintiffs' FAC, as that information is unrelated to any claim or defense.**

  **Without waiving any objection, Wellpath Defendants respond as follows:**

  **Wellpath:** *See* **Wellpath's Policy and Procedure Manual Jefferson County Colorado Detention Facility, produced as WELLPATH_AA000144–527. Defense counsel has requested additional responsive information and, to the extent any exists, will supplement upon receipt.**

**Defendant Earle: Defense counsel has requested responsive information and, to the extent any exists, will supplement upon receipt.**

**Defendant Slowey: Defense counsel has requested responsive information and, to the extent any exists, will supplement upon receipt.**

**Defendant Strong: Defense counsel has requested responsive information and, to the extent any exists, will supplement upon receipt.**

**Defendant Wolf: Defendant Wolf has no responsive information.**

**Defendant Ziegelmann: Defense counsel has requested responsive information and, to the extent any exists, will supplement upon receipt.**

**DOCUMENT REQUEST NO. 8:**

Please produce any and all documents relating to any complaints, formal or informal, by any detainee or inmate at the JCDF from 2011 to present relating to the alleged denial or refusal to provide to such persons medical care and/or treatment, including, but not limited to, any denial of emergent medical care, hospital care or transport outside of the facility. Not by way of limitation of the foregoing, please be sure to produce all documents alleging injuries of any kind including pain or suffering related to such alleged denial of such care, as well as all documents relating to the resolution, investigation, determination or findings with respect to all such complaints. Be sure to include litigation complaints, notices of claims, inmate kites or grievances, and any other complaints. A complete response should include any and all documents relating to any investigation (whether formal or informal), regardless of the final determination of such investigation. Your response should also include responsive information concerning investigations that are presently underway but that have not yet been completed.

**RESPONSE:**

**OBJECTION: compound, as this constitutes at least four separate Requests for Production; vague and ambiguous as to "complaints," as it is unclear to which types of**

"complaints" this Request refers; vague and ambiguous as to "[n]ot by way of limitation of the foregoing," as it is unclear what that phrase means; vague and ambiguous as to "investigation," as this term is undefined; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks documents "relating to any complaints, formal or informal, by any detainee or inmate at the JCDF from 2011 to present relating to the alleged denial or refusal to provide to such persons medical care and/or treatment," as "such broad language makes the arduous task of deciding which of numerous documents may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at *3 (citation omitted); irrelevant, overbroad in scope, and unduly burdensome to the extent this Request seeks information concerning the alleged "denial or refusal to provide to such persons medical care and/or treatment," generally, as any such complaints cover a variety of medical issues, many of which are likely unrelated to the claims at issue concerning Decedent's tricuspid valve endocarditis; irrelevant, overbroad in scope, and unduly burdensome to the extent this Request seeks information concerning "injuries of any kind," as that phrase encompasses a variety of medical issues, many of which are likely unrelated to the claims at issue concerning Decedent's tricuspid valve endocarditis; irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks information spanning a period of 12 years, two of which postdate the subject issue, which are not related to any claims at issue; unduly burdensome and not proportional to the needs of the case to the extent this Request requires Wellpath Defendants to review every sick call request and/or grievance filed by any detainee housed at JCJ for a period of 12 years regarding complaints that Individual Wellpath Defendants failed to provide medical care; improperly seeks information that is protected by HIPAA for detainees other than Decedent; irrelevant, overbroad in time, and unduly burdensome to the extent this Request seeks information that post-dates the time period at issue and is thus not relevant to the claims

asserted in Plaintiffs' FAC; seeks information that is equally accessible to Plaintiffs through publicly available court websites or compulsory process and is not limited to information or records in Wellpath Defendants' possession, custody, or control, *see McKellips*, 305 F.R.D. at 680–681 ("It is well established that discovery need not be required of documents of public record which are equally accessible to all parties."); *City of Las Cruces*, 2021 WL 330062, at *8 ("Control does not exist … where the document is a public record that is equally accessible to all parties."); and seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Request seeks detainee grievances, where grievances are generally submitted to security staff, not medical staff.

Based on these objections, no responses are provided as to any Wellpath Defendants. To the extent Plaintiffs clarify and narrow this Request, Wellpath Defendants will consider supplementing.

**DOCUMENT REQUEST NO. 9:** *(As to Wellpath, only)*

Please produce any and all documents related to any prior detentions and/or incarcerations Decedent had at the JCDF. This Request expressly includes any medical records from prior detentions and/or incarcerations.

**RESPONSE:**

**OBJECTION:** seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Request seeks information concerning Decedent's "detentions and/or incarcerations"; and irrelevant, overbroad, and unduly burdensome to the extent this Request is virtually unlimited in time and scope and is thus not relevant to the claims asserted in Plaintiffs' FAC.

Without waiving these objections, Wellpath responds as follows:

**Wellpath:** *See* Decedent's Medical Records, previously produced as WELLPATH_AA000001–79.

## DOCUMENT REQUEST NO. 10:

Please produce any reviews, analysis, audits, assessments or the like of health care provided to inmates and detainees at the JCDF since 2011 and continuing through present, whether internal or external.

## RESPONSE:

**OBJECTION: compound, as this seeks five different types of documents; vague and ambiguous as to "reviews, analysis, audits, assessments, or the like," as it is unclear what Plaintiffs mean by "or the like"; vague, confusing, irrelevant, and overbroad to the extent this Request seeks information regarding "inmates," as Decedent was a pre-trial detainee and any information with respect to "inmates" is therefore irrelevant to Plaintiffs' FAC and is not proportional to the needs of this case; irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks information spanning a period of 12 years, two of which postdate the subject issue and are thus not related to any claims at issue; seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Request seeks "any reviews, analysis, audits, assessments or the like of health care provided to inmates and detainees at JCDF"; and to the extent this Request seeks information submitted to a patient safety organization, such information is protected from disclosure by the Quality Assurance Privilege, and the Patient Act, and the Patient Safety and Quality Improvement Act of 2005, 42 U.S.C. § 299b-22(a) and its attendant regulations.**

**Based on these objections, no responses are provided as to any Wellpath Defendants. To the extent Plaintiffs clarify and narrow this Request, Wellpath Defendants will consider supplementing.**

## DOCUMENT REQUEST NO. 11:

Please produce any research or study or review, whether formal or informal, that was done into Wellpath LLC and/or its predecessor entities prior to the decision to enter into and the decision to renew the contract for health care provision at the JCDF. Please be sure to include any research or analysis done into their accreditation history in other facilities, lawsuits and claims against them at other jail facilities or your own, or otherwise related to the medical care provided to inmates by these companies.

## RESPONSE:

**OBJECTION: vague and ambiguous as to "research or study or review," as it is unclear to which type of "research or study or review" this Request refers; vague and ambiguous as to "these companies," as it is unclear to which companies this Request refers; vague and ambiguous, irrelevant, overbroad in time and scope, and unduly burdensome to the extent this Request seeks information concerning research "related to the medical care provided to inmates by these companies," as "such broad language makes the arduous task of deciding which of numerous documents may conceivably fall within its scope," *see GSL Grp. Inc.*, 2020 WL 12813087, at \*3 (citation omitted); seeks information protected from disclosure by the deliberative process privilege, *see Nacchio*, 704 F. Supp. 2d at 1109 ("[T]he privilege prevents the premature disclosure of proposed policies and avoids misleading the public by documents "suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action."); seeks information that may not be in Wellpath Defendants' possession, custody, and/or control to the extent that this Request seeks information concerning any research County Defendants conducted into Wellpath prior to entering into a contract with Wellpath; and irrelevant, overbroad in time, and unduly burdensome to the extent this Request is virtually unlimited in time and to the extent**

it seeks information concerning alleged actions taken by Defendants after the incidents alleged in Plaintiffs' FAC, as that information is unrelated to any claim or defense.

Based on these objections, no responses are provided as to any Wellpath Defendants.

<h1 style="text-align:center">REQUESTS FOR ADMISSION</h1>

**REQUEST FOR ADMISSION NO. 1:**

None of the Individual Defendants were disciplined in connection with, or as a result of, their interactions with Decedent.

_____ ADMIT                    _____ DENY

**OBJECTION vague and ambiguous as to "disciplined," as that term encompasses a variety of actions—e.g., verbal reprimand for arriving late to a shift—many of which are likely not related to the claims or defenses at issue.**

**Wellpath: Wellpath can neither admit nor deny this Request at this time. Defense counsel for Wellpath Defendants requested this information and will supplement upon receipt.**

_____ ADMIT                    _____ DENY

**OBJECTION vague and ambiguous as to "disciplined," as that term encompasses a variety of actions—e.g., verbal reprimand for arriving late to a shift—many of which are likely not related to the claims or defenses at issue.**

**Defendant Earle: Defendant Earle can neither admit nor deny this Request at this time. Defense counsel for Wellpath Defendants requested this information and will supplement upon receipt.**

__X___ ADMIT                    _____ DENY

**OBJECTION vague and ambiguous as to "disciplined," as that term encompasses a variety of actions—e.g., verbal reprimand for arriving late to a shift—many of which are likely not related to the claims or defenses at issue.**

**Defendant Slowey: Defendant Slowey admits that she was not disciplined in connection with the medical care she provided to Decedent.**

_____ ADMIT                    _____ DENY

**OBJECTION** vague and ambiguous as to "disciplined," as that term encompasses a variety of actions—e.g., verbal reprimand for arriving late to a shift—many of which are likely not related to the claims or defenses at issue.

**Defendant Strong: Defendant Strong can neither admit nor deny this Request at this time. Defense counsel for Wellpath Defendants requested this information and will supplement upon receipt.**

\_\_\_X\_\_ ADMIT \_\_\_\_\_ DENY

**OBJECTION** vague and ambiguous as to "disciplined," as that term encompasses a variety of actions—e.g., verbal reprimand for arriving late to a shift—many of which are likely not related to the claims or defenses at issue.

**Defendant Wolf: Defendant Wolf admits that she was not disciplined in connection with the medical care she provided to Decedent.**

\_\_\_\_\_ ADMIT \_\_\_\_\_ DENY

**OBJECTION** vague and ambiguous as to "disciplined," as that term encompasses a variety of actions—e.g., verbal reprimand for arriving late to a shift—many of which are likely not related to the claims or defenses at issue.

**Defendant Ziegelmann: Defendant Ziegelmann can neither admit nor deny this Request at this time. Defense counsel for Wellpath Defendants requested this information and will supplement upon receipt.**

Dated: January 3, 2024

Respectfully submitted,

s/ Kristina Rood
Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina Rood, #035097
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com
*Attorneys for Defendants BOCC of Jefferson
County, Earle, Marinelli, Slowey, Strong,
Wellpath, Wolf, and Ziegelmann*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of January, 2024 I served a copy of **Defendants' Responses to Plaintiff's First Set of Discovery Requests** via email to:

Virginia Hill Butler
Matthew Cron
Siddhartha H. Rathod
Felipe Bohnet-Gomez
RATHOD MOHAMEDBHAI, LLC
2701 Lawrence Street, Ste. 100
Denver, CO 80205
vb@rmlawyers.com
mc@rmlawyers.com
sr@rmlawyers.com
fbg@rmlawyers.com
*Attorneys for Plaintiff*

Rebecca Klymkowsky
Assistant Deputy County Attorney
Levi Stubbs
Assistant County Attorney
JEFFERSON COUNTY ATTORNEY'S OFFICE
100 Jefferson County Parkway, Suite 5500
Golden, CO 80419
rklymkow@co.jefferson.co.us
lstubbs@co.jefferson.co.us
*Attorneys for Jefferson County Defendants*

By: s/ S. Berry