IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01607-CNS-STV

The ESTATE OF ABBY ANGELO;
KRISTIE ANGELO, as Personal Representative of the Estate of Abby Angelo; and
K.L., a minor, by and through his grandmother, Kristie Angelo,

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, a governmental entity;
REGGIE MARINELLI, in her official capacity as Jefferson County Sheriff;
WELLPATH, LLC;
CARRIE EARLE, LPN, in her individual capacity;
REBECCA STRONG, LPN, in her individual capacity;
COURTNEY SLOWEY, LPN, in her individual capacity;
NICOLE WOLF, RN, in her individual capacity; and
ESMERALDA ZIEGELMANN, RN, in her individual capacity,

    Defendants.

---

### ORDER ON MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

---

Before the Court is Defendant's Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 169. The Court DENIES the motion for the following reasons.

### I. BACKGROUND

On June 19, 2021, the Wheat Ridge Police Department (WRPD) arrested Ms. Angelo and booked her into the Jefferson County Detention Facility (JCDF), operated by the Jefferson County Sheriff's Department. ECF No. 47 (First Amended Complaint) ¶¶ 39, 41. From June 20 to June 26, 2021, Ms. Angelo's health declined. *Id.* ¶ 53. On June

1

28, 2021, Ms. Angelo died in the Jefferson County Jail from tricuspid valve endocarditis (TVE), a heart infection. *Id.* ¶ 177.

On June 24, 2024, Plaintiffs filed suit against the Board of County Commissioners of Jefferson County (the Board) and Sheriff Reggie Marinelli, in her official capacity as Jefferson County Sheriff. ECF No. 47. Plaintiffs also brought suit against Wellpath, the private company contracted to provide medical care at the JCDF, and five individual nurses at the JCDF. *Id.*

The Jefferson County Defendants filed a motion to dismiss, arguing that Plaintiffs had not alleged that the Sheriff Marinelli delegated final policymaking authority to Wellpath and that the nondelegable duty doctrine was an impermissible theory of liability. ECF No. 54. Wellpath Defendants filed a separate motion to dismiss. ECF No. 62. The Court denied the Wellpath Defendants' motion to dismiss and granted in part and denied in part the Jefferson County Defendants' motion to dismiss. ECF No. 150. Specifically, the Court dismissed all claims against the Board of County Commissioners and the state law tort claims against Sheriff Marinelli. *Id.* The indirect liability claim based on the nondelegable duty doctrine is the only remaining claim against Sheriff Marinelli. *Id.*

Defendant filed the instant motion challenging the nondelegable duty doctrine as a theory of liability and requesting interlocutory appeal of the issue. ECF No. 169.

## II. STANDARD OF REVIEW

In determining when certification for interlocutory appeal is appropriate, 28 U.S.C § 1292(b) provides that,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal of the order

>may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Under this statute, an issue may be certified for interlocutory appeal in a civil action where the court concludes: (1) the order involves a controlling question of law; (2) there is a substantial grounds for difference of opinion as to the resolution of that question; and (3) it appears that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Dorato v. Smith*, 163 F. Supp. 3d 837, 893 (D.N.M. 2015). Certification of appeal is limited to "extraordinary cases" where "extended and expensive proceedings" are avoided by immediate decisions on controlling questions. *Utah ex. Rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994). "To routinely certify orders under § 1292(b) would be contrary to congressional intent." *Vandiver v. MG Billings Limited*, 12-cv-02960-CNS-MDB, 2023 WL 3247286, at *1 (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996)).

### III.   ANALYSIS

Although the Court's order involves a controlling question of law, a substantial ground for difference of opinion does not exist and an appeal would not materially advance the ultimate termination of the litigation. For these reasons, addressed at length below, the Court denies Defendant's motion.

### A.   The Court's Order Involves a Controlling Question of Law

In determining whether an order involves a controlling question of law, "the critical requirement is that the question be one having the potential for substantially accelerating disposition of the litigation. If the correct answer to the question will end the matter pending, the question is controlling." *In re Grand Jury Proc. June 1991*, 767 F. Supp. 222, 225 (D. Colo. July 3, 1991). "A legal issue need not be dispositive to be controlling, but it

3

must at least materially affect the outcome of the case." *XTO Energy, Inc. V. ATD, LLC*, 189 F. Supp. 3d 1174, 1193–94 (D.N.M. 2016) (citing *In Re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002).

Defendant argues that the order involves a controlling question of law because a Tenth Circuit ruling on the issue of whether the nondelegable duty doctrine is a viable theory of liability could resolve all claims against Sheriff Marinelli. ECF No. 169 at 3. Plaintiffs respond that this is not a controlling question of law because the nondelegable duty doctrine pertains to only one defendant, Sheriff Marinelli, and therefore resolution of this contemplated appeal would not end litigation. ECF No. 176 at 3–4.

The issue of whether the nondelegable duty doctrine is a viable theory of liability is controlling because a Tenth Circuit decision would affect the outcome of this litigation. Although resolution of the issue would not affect all defendants in this case, the claim against Sheriff Marinelli could be resolved on appeal. Therefore, whether the nondelegable duty doctrine is a viable theory of liability is a controlling question of law.

B. Substantial Ground for Difference of Opinion Does Not Exist

The Court must next determine whether there is substantial ground for difference of opinion regarding whether the nondelegable duty doctrine is a viable theory of liability. A substantial ground for difference of opinion may exist where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 6298, 633 (9th Cir. 2010).

4

### 1. The Tenth Circuit Has Not Spoken and Circuits Are Not in Dispute

The Tenth Circuit has not formally ruled on whether the nondelegable duty theory of liability is permissible. *See Estate of Newman v. Bd. Of Cnty. Comm'rs of Montezuma*, No. 22-cv-01763-PAB-KAS, 2023 WL 7495927 at *3 (D. Colo. Nov. 13, 2023) (noting absence of Tenth Circuit precedent). Therefore, substantial grounds for difference of opinion exist only if there is disagreement between the circuit courts that have ruled on the issue.

No circuit court has rejected the nondelegable duty doctrine as an acceptable avenue for municipal liability in the context of counties delegating their duty to provide adequate medical care to private prison health care providers. Additionally, multiple circuits have held that the nondelegable duty doctrine may be used as a method of determining municipal liability. *See King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012) (finding that "the county cannot shield itself from § 1983 liability by contracting out its duty to provide medical services . . . The underlying rationale is not based on *respondeat superior*, but rather on the fact that the private company's policy becomes that of the County if the County delegates final decision-making authority to it."); *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1889) (concluding that "plaintiffs' pleadings sufficiently allege inadequate prison policies or medical supervision which, if true, would result in these defendants being held liable just as if they had refused to deliver those services themselves. The duty to provide such [medical] services lies within the statutory and

constitutional obligation of the named [county] defendants. In this sense the defendants have a nondelegable duty to provide medical care when needed").[1]

Defendant attempts to show a circuit dispute by citing cases that appear to reject the nondelegable duty doctrine as a viable theory of municipal liability. However, these cases do not create a true dispute because they were resolved on other issues, and so did not reject the nondelegable duty doctrine, or are otherwise distinguishable. *See Johnson v. Stempler*, 373 F. App'x 151, 154 (3d 2010) (concluding that "[Plaintiff] is not asserting a claim against a local governmental agency. His claim is against [the commissioner of the Department of Corrections] personally"); *Ruiz-Bueno v. Scott*, 639 Fed. App'x 354, 365 (6th Cir. 2016) (finding no individual liability, the court declined to address municipal liability); *Reynolds v. Guiliani*, 506 F.3d 183, 193–94 (2d Cir. 2007) (addressing issue of municipal liability under the Food Stamp Act and Medicaid Act).

Because multiple circuits have accepted the nondelegable duty doctrine as a viable theory of municipal liability, but no circuit courts have rejected the doctrine, there is no substantial ground for difference of opinion.

2. *The Issue is Not a Novel or Difficult Question of First Impression*

The Court next turns to whether a novel or difficult question of first impression is presented to establish a substantial difference of opinion. Both parties cite numerous cases in this district addressing the validity of the nondelegable duty doctrine as a theory

---

[1] Plaintiff also cites cases that appear to support the nondelegable duty doctrine, but ruled on other grounds. These cases do not change the Court's analysis. *See Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1247 (6th Cir. 1989) ("The Sheriff's failure to supervise . . . and his failure subsequently to punish the responsible individuals is more than sufficient evidence of a policy or custom to render the County liable for [Plaintiff]'s damages."); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 706 (11th Cir. 1985) (finding that "If plaintiff can establish . . . that the sheriff was personally involved in the acts depriving [deceased] of his constitutional rights, or that he breached a duty imposed by state law and that that breach caused the plaintiff's injury, then he would be fully responsible for his own actions and/or policies").

6

of municipal liability. ECF No. 169 at 3; ECF No. 176 at 8–9. Therefore, this case is neither novel nor a difficult question of first impression.

### C. Appeal Does Not Materially Advance the Ultimate Termination of Litigation

The Court must next determine whether certification of interlocutory appeal will materially advance the ultimate termination of the litigation. "An immediate appeal advances termination if it would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *XTO Energy, Inc.*, 189 F.Supp.3d at 1195. An appeal would not materially advance the ultimate termination of litigation when the litigation will be conducted in the same manner regardless of the court's decision. *Id.* In determining whether an appeal will materially advance the litigation's termination, the court must "review the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief." *Id*.

In addition to Sheriff Marinelli, Plaintiffs bring claims against six individual defendants and Wellpath. These claims arise from the same facts. The parties engaged in discovery for more than nine months before Sheriff Marinelli filed her motion. The other claims will move forward regardless of whether the certification for interlocutory appeal is granted. Therefore, interlocutory appeal on the issue of the nondelegable duty doctrine will not eliminate the need for a trial or make discovery easier or less costly.

Sheriff Marinelli argues that an appeal would simplify litigation because a favorable decision in the Tenth Circuit would result in Sheriff Marinelli's claims not going to trial. The Court disagrees. Defendant's argument relies on the assumption that the Tenth Circuit

would reject the nondelegable duty doctrine. If the Court granted the instant motion and the Tenth Circuit accepted the nondelegable duty doctrine as a theory of liability, litigation would be complicated by an appeals process with the same result as in the original order. Therefore, it cannot be concluded that an appeal will definitively simplify the trial.

Additionally, Sheriff Marinelli argues that a Tenth Circuit ruling on the nondelegable duty theory of liability might resolve litigation is similar cases pending in the District of Colorado. This argument is irrelevant to whether interlocutory appeal is appropriate in this case.

## IV. CONCLUSION

Consistent with the above analysis, Defendant's Motion for Certification of Interlocutory Appeal is DENIED.

DATED this 15th day of November 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge