# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-01607-CNS-STV

The ESTATE OF ABBY ANGELO;
KRISTIE ANGELO, as Personal Representative of the Estate of Abby Angelo;
and K.L., a minor by and through his grandmother Kristie Angelo

      Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY;
REGGIE MARINELLI;
WELLPATH, LLC;
CARRIE EARLE, LPN;
REBECCA STRONG, LPN;
COURTNEY SLOWEY, LPN;
NICOLE WOLF, RN;
ESMERALDA ZIEGELMANN, RN,
MONICA ALBERS, RN,

      Defendants.

---

## WELLPATH, LLC'S MOTION TO DISMISS PURSUANT TO BANKRUPCTY COURT'S JANUARY 26, 2026 CLAIRIFYING ORDER

---

Defendant Wellpath LLC ("Wellpath"), by and through counsel, moves for entry of an order dismissing with prejudice all claims against Wellpath in this case based on the discharge of claims pursuant to a plan of reorganization confirmed by the United States Bankruptcy Court for the Southern District of Texas, Houston, Texas.  In support of this motion to dismiss, Defendant states as follows:

1.      On November 11, 2024, (the "Petition Date"), the Debtors, who include Wellpath, LLC and its affiliated companies, each filed petitions in the Bankruptcy Court

under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Cases"). The Bankruptcy Cases were jointly administered under case number 24-90533.

2.  On June 23, 2023, Plaintiffs commenced this action by filing a Complaint, asserting failure to provide medical care and treatment pursuant to 42 U.S.C. § 1983, deprivation of life without due process pursuant to 42 U.S.C. § 1983, medical negligence, negligent training and supervision, wrongful death pursuant to C.R.S. § 13-21-202, and a survival claim against Wellpath arising from Abby Angelo's incarceration at the Jefferson County Detention Facility from June 19, 2021 to June 28, 2021. Plaintiffs have filed multiple amended complaints in this action.

3.  On November 15, 2024, Defendant filed a Suggestion of Bankruptcy and Notice of Stay on this docket. [ECF 183]

4.  The Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Case No. 24-90533, ECF No. 2596] entered by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") (the "Confirmation Order"), attached hereto as **Exhibit A** on May 1, 2025 and the *General Form of Order Regarding Lift Stay Motions* [Case No. 24-90533, ECF No. 2907] (the "Stay Order")[1], attached hereto as **Exhibit B**, on June 4, 2025.

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order, Stay Order, or the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates (with Technical Modifications)* (as modified, amended, or supplemented from time to time, the "Plan"),

5.      Pursuant to the Plan, all Claims and Causes of Action against Wellpath LLC and its affiliated debtors (the "Debtors")[2] are discharged, and holders of such Claims and Causes of Action are permanently enjoined from, among other things, commencing or continuing any proceeding of any kind, including the instant proceeding, in connection with such claims, or enforcing recovery from the Debtors, the Debtors' estates, or the Post-Restructuring Debtors.  *See* 11 U.S.C. § 524 (a) ("A discharge in a case under this title - … (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .").

6.      On May 9, 2025 (the "Effective Date"), the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date* [ECF No. 2680, Case No. 24-90533] giving notice that the Plan was effective.

---

a copy of with is attached as **Exhibit A** to the Confirmation Order.  The rules of interpretation set forth in Article I.B of the Plan shall apply hereto. For the avoidance of doubt, unless otherwise specified, all references herein to "Articles" refer to articles of the Plan.

[2]      "Debtors" include Wellpath Holdings, Inc.; Physicians Network Association, Inc.; Alpine CA Behavioral Health HoldCo, LLC; CCS-CMGC Intermediate Holdings 2, Inc.; CCS-CMGC Intermediate Holdings, Inc.; CHC Companies, LLC; Conmed Healthcare Management, LLC; Correct Care Holdings, LLC; Correctional Healthcare Companies, LLC; Correctional Healthcare Holding Company, LLC; HCS Correctional Management, LLC; Healthcare Professionals, LLC; Jessamine Healthcare, LLC; Justice Served Health Holdings, LLC; Missouri JSH Holdco; Missouri JSH Manager, Inc.; Perimeter Hill RPA, LLC; Wellpath CFMG, Inc.; Wellpath Community Care Holdings, LLC; Wellpath Community Care Management, LLC; Wellpath Community Care Centers of Virginia, LLC; Wellpath Education, LLC; Wellpath Group Holdings, LLC; Wellpath Hospital Holding Company, LLC; **Wellpath LLC**; Wellpath Management, Inc.; Wellpath SF Holdco, LLC; WHC, LLC; WPMed, LLC; Zenova Management, LLC; and Zenova Telehealth, LLC.

- 3 -

7.      On June 4, 2025, the Bankruptcy Court entered the Stay Order for the purpose of providing guidance regarding the impact of the Chapter 11 cases, including the Plan's discharge and injunction, on stayed prepetition actions against the Debtors and the entities against whom holders of Claims and Causes of Action could continue to pursue pursuant to the Plan.

8.      Pursuant to Article IX.A. of the Plan and Paragraph 3 of the Stay Order, all Claims and Causes of Action against the Debtors are discharged as a result of the Plan becoming effective. The Plan states in relevant part:

> the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties

Plan, Article IX.A.

9.      Pursuant to Article IX.F of the Plan, holders of Claims and Causes of Action that are discharged or released are permanently enjoined from among other things,

> (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or

> against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

Plan, Article IX.F.

10.     Moreover, pursuant to Article IX.F. of the Plan, any holders of Claims or Causes of Action against the Debtors or against Non-Debtor Defendants subject to the Third Party Release who did not affirmatively opt out of the Third Party Release (the "Enjoined Parties") are permanently enjoined from taking any action, including the commencement, further prosecution of, or collection efforts, against the Debtors or Non-Debtor Defendants (the "Injunction").  However, as outlined in the Stay Order, holders of Claims or Interests that affirmatively elected to opt out of the Plan's Third-Party Release may bring or continue to pursue claims against the Non-Debtor Defendants, including employees of the Debtors or employees of the Post-Restructuring Debtors.  *See* Stay Order, ¶ 5; Plan, Article IX.F.  ("provided, that, for the avoidance of doubt, this Article IX.F shall not apply to parties that timely opt out of the Third-Party Release to preserve their claims against the Released Parties").

11.     Plaintiff has opted out of the Third-Party Release as to the individual defendants previously employed by Wellpath and the claims against them may proceed to the extent they have separate insurance or resources to pay any judgment against them

12. Any attempt by Enjoined Parties to proceed with their Claims or Causes of Action against the Debtors, including Wellpath, violates the Injunction and such Claims or Causes of Action must be dismissed against the Wellpath Defendants pursuant to the Confirmation Order and Stay Order.

13. A Liquidating Trust has assumed the Debtors' liability for all General Unsecured Claims, including personal injury and wrongful death claims that arose before the Petition Date. Plan, Articles IV.N., VII; Confirmation Order at 2–3. The Liquidating Trust is funded solely by assets transferred to it under the Plan, and recoveries on such claims are limited to a pro-rata distribution from the Trust. Enjoined Parties may not seek payment for this liability from the Debtors, the Post-Restructuring Debtors, or the property of either entity beyond this distribution. *See* Plan, Article IV.N.; Stay Order, ¶ 4. Holders of Claims against the Debtors are subject to the Trust Distribution Procedures ("TDPs"), including the non-binding alternative dispute resolution process set forth therein to determine, if necessary, the allowed amount for their Claim. *Id.*

14. On September 23, 2025, the Wellpath Liquidating Trust ("Trust") filed the *Wellpath Liquidating Trust's Motion for Clarifying Order Enforcing (A) the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates (With Technical Modifications), and (B) the Trust Distribution Procedures* [Docket No. 690]. (the "Motion").

15. On November 25, 2025, a hearing on the Motion was held in the United States Bankruptcy Court for the Southern District of Texas before the Honorable Alfredo R. Pérez (the "Hearing").

16.     On January 25, 2026, the Honorable Alfredo R. Pérez issued the *Revised and Amended Clarifying Order Enforcing (A) The First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. And Certain of Its Debtor Affiliates, and (B) The Trust Distribution Procedures.* (the "Clarification Order"), attached hereto as **Exhibit C**.

17.     Pursuant to the Clarification Order, ¶ 2, the Bankruptcy Court clarified that the "Plan does not permit any party to proceed against the Post-Restructuring Debtors or any Debtor, including but not limited to Wellpath, LLC, in any capacity, including as a nominal defendant."

18.     Further pursuant to the Order, the Liquidating Trust is the proper nominal defendant in matters brought by Holders of General Unsecured Claims arising from alleged personal injury tort or wrongful death. Debtor Defendant Wellpath must therefore be dismissed from this action.

19.     Any attempts by a Holder of General Unsecured Claims to pursue pre-petition claims against any Debtor, including but not limited to Wellpath, LLC, or to pursue claims against the Trust other than as a nominal defendant are contrary to the Plan and barred by the injunction set for in the Plan and/or the discharge injunction under Bankruptcy Code § 524(a)(2) and the Clarification Order. *See* Plan, Docket No. 2596, Exhibit A, Article IX.F; 11 U.S.C. § 524(a)(2); **Exhibit C**.

20.     A party that proceeds in violation of the Plan as clarified and enforced by this Order, shall be subject to the jurisdiction of the Bankruptcy Court, and the Trust or the Post-Restructuring Debtors may seek any and all remedies available under the

Bankruptcy Code, including but not limited to, monetary sanctions. *See* **Ex. C**, ¶ 5.

21.     Pursuant to D.C.COLO.LCivR 7.1, Wellpath has conferred with Plaintiffs' counsel regarding the relief sought in this motion. Plaintiffs oppose the relief sought herein.

22.     Pursuant to Civ. Practice Standard 7.1B, Amendment of the pleadings will not cure the defect or address the issue presented above.

WHEREFORE, Defendant Wellpath LLC, respectfully requests that this Honorable Court enter an Order dismissing all claims in this case asserted against it.

Dated:  March 20, 2026                    Respectfully submitted,

s/ *Christopher R. Jones*
Christpher Ryan Jones
Allison J. Becker, *Pro Hac to be sought*
GORDON REES SCULLY MANSUKHANI
555 Seventeenth Street, Suite 3400
Denver, CO 80202
crjones@grsm.com
abecker@grsm.com
*Attorneys for Defendant Wellpath*

- 8 -

- 9 -

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 20th day of March 2026 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: /s/ *Christopher R. Jones*