**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01607-CNS-STV

The ESTATE OF ABBY ANGELO;
KRISTIE ANGELO, as Personal Representative of the Estate of Abby Angelo; and
K.L., a minor, by and through his grandmother, Kristie Angelo,

Plaintiffs,

v.

REGGIE MARINELLI, in her official capacity as Jefferson County Sheriff;
WELLPATH LLC, as a nominal defendant;
CARRIE EARLE, LPN, in her individual capacity;
REBECCA STRONG, LPN, in her individual capacity;
COURTNEY SLOWEY, LPN, in her individual capacity;
NICOLE WOLF, RN, in her individual capacity; and
ESMERALDA ZIEGELMANN, RN, in her individual capacity,
MONICA ALBERS, in her individual capacity,

Defendants.

---

**PLAINTIFFS' NOTICE REGARDING POTENTIAL *DUNTON* CONFLICTS**

---

Plaintiffs, through undersigned counsel, file this notice under *Dunton v. Suffolk Cnty., State of N.Y.*, 729 F.2d 903 (1984), *amended on other grounds*, 748 F.2d 69 (2d Cir. 1984), regarding potential conflicts of interest that exist between the Defendants who are represented by the same counsel. Defense counsel Christopher Jones of Gordon Rees Scully Mansukhani represents both Wellpath LLC and the individual defendants in this case, who were at the time of Abby Angelo's death all Wellpath employees. Representing both the employer and the employee sets up a potential conflict of interest, especially due to the indemnification issues that exist following the Wellpath bankruptcy.

If there are conflicts of interest between Defendants, a verdict favorable to Plaintiffs could be jeopardized. Plaintiffs accordingly file this *Dunton* notice to ensure that any conflicts are dealt with appropriately. Plaintiffs ask the Court to review the representation of Defendants for potential conflicts and determine whether any additional steps are necessary to protect the integrity of these proceedings. *See, e.g.*, *Price v. Whitten*, No. 22-CV01099-DHU/KRS, 2023 WL 8530155, at *3 (D.N.M. Dec. 8, 2023) (noting that under *Dunton*, a "trial court ha[s] a responsibility to satisfy itself that no conflict existed or at least provide notice to the affected [party] that there was a conflict").

## LEGAL BACKGROUND

In *Dunton,* the same defense counsel represented both the county employer and police officer employee, with defense counsel arguing that the employee acted outside the scope of his employment in his actions as an "irate husband." 729 F.2d at 906. The Second Circuit vacated the judgment against the officer following trial and ordered a new trial due to the conflict of interest. *Id.* at 910. The Tenth Circuit addressed this issue in *Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996), looking to *Dunton*, holding that suits against an individual and his or her municipal employer

> give rise to differing and potentially conflicting defenses. Most notably, the government entity could defend itself by asserting that the official whose conduct is in question acted in a manner contrary to the policy or custom of the entity. . . . Given the potential conflict between the defenses available to a government official sued in his individual and official capacities, we have admonished that separate representation for the official in his two capacities is a 'wise precaution.'

 *Id.*

2

This issue is not limited to municipal employers. In *Martinez v. CorrHealth, Pro. Ltd. Liab. Co.*, 771 F. Supp. 3d 1183, 1190 (D.N.M. 2025), the court considered the issue when the same counsel represented the private jail medical provider CorrHealth and the individual medical providers who allegedly treated the decedent whose estate brought suit. So too here. Indeed, the issue is especially ripe in this case due to Wellpath's bankruptcy. Mr. Jones entered as counsel in January 2026 for all defendants. *See Jones EOA*, ECF No. 222. This coincided with withdrawal of defense counsel Kristina Rood and Ashlee Hesman of Struck Love, who had informed the individual defendants that Stuck Love was withdrawing because Wellpath would no longer pay for the defense. *See Objection*, ECF No. 238 at 6; *Stuck Love Email*, ECF No. 238-1 at 1. Following his entry, in multiple conversations, Mr. Jones informed Plaintiffs' counsel that he thought Wellpath would ask him to withdraw as counsel for the individual defendants because that was what Wellpath had asked him to do in many of the other similar cases that he took on as counsel. Because of this, Plaintiffs did not file a *Dunton* notice at that time. However, Mr. Jones has continued to represent all defendants in this case and Plaintiffs file this *Dunton* notice to ensure they are not prejudiced down the line.

It is Plaintiffs' understanding that at this time Wellpath is paying for the defense of the individual defendants but will not indemnify the individual defendants for a verdict against them. Because of the Wellpath bankruptcy, Plaintiffs will not be able to collect a judgment against Wellpath from Wellpath itself. This creates a potential conflict of interest wherein Wellpath is paying for their defense but has no incentive for its nurses to actually prevail as it will not pay for a judgment against them. It could also create a scenario in which Wellpath is incentivized to take the litigation position that its nurses are to blame

3

individually, which could expose the nurses to individual liability while Wellpath is insulated from collection due to its bankruptcy.

Given this background, Plaintiffs file this *Dunton* notice to ensure any potential conflicts are resolved in a timely manner. Plaintiffs additionally note that defendants generally can waive potential conflicts if they are informed of the conflict and do so in writing. See Colo. R. Prof. Conduct 1.7(b) (permitting waiver of conflict where, in part, "each affected client gives informed consent, confirmed in writing").

## CONCLUSION

Plaintiffs file this notice to alert the Court to this potential issue and as the Court to take all appropriate measures to ensure that any verdict is safeguarded against a *Dunton* issue.

Respectfully submitted this 27th day of July 2026.

/s/ *Virginia Hill Butler*
Virginia Hill Butler
Aria Vaughan
Felipe Bohnet-Gomez
Matthew Cron
Siddhartha Rathod
RATHOD | MOHAMEDBHAI LLC
vb@rmlawyers.com
fbg@rmlawyers.com
mc@rmlawyers.com
sr@rmlawyers.com
av@rmlayers.com

**ATTORNEYS FOR PLAINTIFFS**

4